## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSE HANSEN, individually and on Behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No.: 1:08-cv-5320-NRB |
| vs. | |
| WACHOVIA CORPORATION, ET AL., | |
| Defendants. | |
| TODD A. WRIGHT, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No.: 1:08-cv-5324-DC |
| vs. | |
| WACHOVIA CORPORATION, ET AL., | |
| Defendants. | |
| DENISE A. TUTTLE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No.: 1:08-cv-5578-DC |
| vs. | |
| WACHOVIA CORPORATION, ET AL., | |
| Defendants. | |

| | |
|---|---|
| ROBERT M. COMINSKY, Individually and on behalf of The Wachovia Savings Plan and all others similarly situated,<br><br>     Plaintiff,<br>  vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br><br>     Defendants. | Civil Action No.: 1:08-cv-5990-UA |
| JASON T. WILLARD, On Behalf of Himself And All Others Similarly Situated,<br><br>     Plaintiff,<br>  vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br><br>     Defendants. | Civil Action No.: 1:08-cv-6196-UA |
| MICHAEL WELCH, Individually And On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br>  vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br><br>     Defendants. | Civil Action No.: 1:08-cv-6464 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PROPOSED ORDER CONSOLIDATING THE ERISA ACTIONS AND <u>APPOINTING INTERIM LEAD COUNSEL</u>

Plaintiff Michael Welch ("Plaintiff"), through his undersigned counsel, respectfully submits this memorandum in support of his motion for entry of Proposed Order filed herewith:

1.  consolidating the above-captioned actions under the caption *In re Wachovia Corporation ERISA Litigation*, Master File No. 1:08-cv-532 (NRB) (the "Consolidated Action");

2.  granting Plaintiff's proposed preliminary schedule for these proceedings; and

3.  appointing Harwood Feffer LLP ("Harwood Feffer") as Interim Lead Counsel of a proposed class of participants in and beneficiaries of the Wachovia Savings Plan (the "Proposed Class").

## <u>INTRODUCTION</u>

On July 18, 2008, Plaintiff filed a complaint captioned *Welch v. Wachovia Corporation, et al.*, C.A. No. 1:08-cv-6464, individually and on behalf of a class of situated participants in and beneficiaries of the Wachovia Savings Plan (the "Plan") – a defined contribution plan established as a benefit for Wachovia employees – against Wachovia Corporation ("Wachovia" or the "Company") and certain officers and directors of the Company, as well as other fiduciaries of the Plan.[1]

To date, there are six related actions (collectively, the "ERISA Actions") which are currently pending in the United States District Court for the Southern District of New York. The ERISA Actions were brought against Wachovia and related ERISA fiduciaries and seek similar relief under Sections 409 and 502(a)(2) and (3) of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 409 and 1132(a)(2) and (3), on behalf of the Plan.

---

[1]    Plaintiff brought this action on behalf of himself and the following class of persons similarly situated:

> All persons who were participants in or beneficiaries of the Plan at any time between January 23, 2007, and the present (the "Class Period"), and whose accounts included investments in Wachovia Stock.

The ERISA Actions similarly allege that the defendants breached their fiduciary duties under ERISA by selecting and maintaining Wachovia common stock as an investment alternative under the Plan when it was no longer prudent to do so due to Wachovia's improper sales and marketing practices.

To promote judicial economy, the Court may consolidate the ERISA Actions and appoint interim lead class counsel.  Harwood Feffer, a well-experienced law firm specializing in class action litigation, filed a detailed complaint on July 18, 2008, as a result of careful investigation of Wachovia's wrongdoings, and has since dedicated substantial time and resources to advancing the case.  Harwood Feffer has successfully pursued numerous, large-scale ERISA class actions from start to finish and has recovered substantial sums on behalf of plan participants, in addition to bringing about material structural improvements in employee benefit plans.

Accordingly, Plaintiff respectfully submits that it would be in the best interests of the Proposed Class to appoint Harwood Feffer Interim Lead Counsel.

## **ARGUMENT**

Given the substantial similarity of the parties and claims in the ERISA Actions,  Plaintiff has followed the guidance of Rules 23(g) and 42(a) of the Federal Rules of Civil Procedure, as well as *the Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*") and submits for the Court's approval a proposed form of the Proposed Order which: (1) provides for the consolidation of the ERISA Actions; (2) establishes efficient procedures for the filing and docketing of papers; (3) proposes a leadership structure for plaintiffs' counsel in the Consolidation Action; and (4) otherwise eliminates wasteful and duplicative litigation.

For the reasons below, Plaintiff respectfully submits that the Proposed Order should be entered by the Court.  The proposed order will promote the orderly and efficient conduct of this

action in a manner consistent with the recommendations of the *Manual*.

### A.   The ERISA Actions Should Be Consolidated

Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Under Rule 42(a), courts have broad discretion to determine whether to consolidate actions. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) ("In general, courts have broad discretion to determine whether consolidation is appropriate and in the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation.") (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.1990)); *Feldman v. Hanley*, 49 F.R.D. 48, 50 (S.D.N.Y. 1969) ("The court's discretionary power to grant [plaintiff's] requested relief, both as to consolidation and the appointment of lead counsel, is firmly recognized.").

Consolidation under Rule 42(a) is appropriate when actions involve common questions of law or fact and if the parties will not be prejudiced by consolidation. *See Southridge*, 208 F.R.D. at 61; *Kaplan*, 240 F.R.D. at 91; *In re Global Crossing, Ltd. Securities Litigation*, 2004 WL 2584874, *2 (S.D.N.Y. 2004) (finding consolidation proper where plaintiff's action "presents common questions of law and fact with the many actions previously consolidated in that matter.").

The ERISA Actions assert substantially similar claims under ERISA against substantially

similar defendants.  Further, the ERISA Actions involve common questions of law or fact. Specifically, all of the ERISA Actions allege that fiduciaries of the Plan breached their duties to the Plan's participants and beneficiaries in connection with the Plan's investments in Wachovia common stock, because they knew or should have known that Wachovia stock was an improper investment alternative for the Plan. *See e.g.*, *Feldman*, 49 F.R.D. at 50 (holding that "[c]onsolidation becomes even more appropriate" where five related class actions were pending in the Southern District of New York).

Moreover, it is likely that additional class actions will be filed alleging similar claims and seeking similar relief as the ERISA Actions.  Thus, Plaintiff further requests, for similar purposes of efficiency and effective administration, that all additional class actions filed in or transferred to this district asserting claims under ERISA in connection with the above-stated allegations, be similarly consolidated herewith and subject to the Court's Order.  *See e.g.*, *Walker v. Deutsch Bank, AG*, 2005 WL 2207041, *3 (S.D.N.Y. 2005) (in granting motion to consolidate, holding that "[a]ny other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified cases shall be consolidated for all purposes, if and when they are brought to the Court's attention.").

Plaintiff does not expect any party in the ERISA Actions, or in any subsequently consolidated action, to object to consolidation.  In the interest of judicial economy, the ERISA Actions should therefore be consolidated pursuant to Fed. R. Civ. P. 42(a).

### B.    Orderly Procedures For Captioning And Filing Documents

In addition to providing for consolidation, the Proposed Order establishes procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court.  These procedures include the establishment of a

uniform caption and master docket for the filing of documents relating to the consolidated actions.   Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 21.12.

Plaintiff proposes the following caption and master file number to be established for the Consolidated Action:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ | ) | |
| IN RE WACHOVIA CORPORATION | ) | MASTER FILE: 1:08-cv-5320 |
| ERISA LITIGATION | ) | (NRB) |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| _____ | ) | |

Plaintiff also proposes the following preliminary schedule for these proceedings:

(a)    Plaintiff shall file a consolidated ERISA class action complaint ("Consolidated Complaint") within 45 days of the entry of Proposed Order.   The Consolidated Complaint shall be deemed the operative complaint and shall supersede all other complaints filed in any of the ERISA Actions and any additional action consolidated therein.   Pending filing and service of the Consolidated Complaint, the defendants in the ERISA Actions shall have no obligation to move, answer, or otherwise respond to any other complaint on file or subsequently filed with this Court;

(b)    Defendants shall have 45 days from service of the Consolidated Complaint to answer or otherwise respond; and

(c)    In the event any of the defendants file a motion directed at the Consolidated Complaint, the parties shall meet and confer regarding a briefing schedule for opposition and reply briefs.

### C.    The Proposed Leadership Structure

A court that has consolidated actions "may also, at its discretion, appoint one or more attorneys as liaison counsel, lead counsel, or trial counsel for the consolidated cases." *Walker*, 2005 WL 2207041, at *3; *see also MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) (recognizing federal courts' power to appoint general counsel for consolidated actions). Moreover, "a court is not restricted to the appointment of only one lead counsel." *Walker*, 2005 WL 2207041, at *3.

Proposed Order implements the procedures suggested by the *Manual* by designating Interim Lead Counsel for plaintiffs in the ERISA Actions. *See Manual* §§ 10.22, 40.22.    As stated in the *Manual*, in determining lead counsel, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id*. at § 10.22.    Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id*. at § 10.221.

Fed. R. Civ. P. 23(g)(1)(C)(i) specifies that in appointing class counsel, the court must consider:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

- counsel's knowledge of the applicable law; and

- the resources counsel will commit to representing the class.

For the reasons stated below, Plaintiff submits that the appointment of Harwood Feffer as Interim Lead Counsel satisfies the requirements of Fed. R. Civ. P. 23(g)(1)(C)(i) and would be in the best interests of the Plan's participants and beneficiaries. Plaintiff further proposes that Harwood Feffer be appointed pursuant to Fed. R. Civ. P. 23(g)(2)(A), which provides for the designation of interim class counsel to act on behalf of a putative class before the determination of whether to certify the action as a class action.

### D.    Plaintiff's Proposed Leadership Structure Satisfies Rule 23(g)(1)(C)(i)'s Requirements And Is In The Best Interests Of The Plan's Participants and Beneficiaries

#### 1.    Harwood Feffer Has Demonstrated A Firm Commitment To Identifying And Investigating Potential Claims In This Action

The first Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which focuses on the work counsel has done to advance the litigation, strongly favors the appointment of Harwood Feffer as Interim Lead Counsel for the Proposed Class. Harwood Feffer has dedicated substantial resources to advancing the case by extensively investigating Wachovia's alleged wrongdoing, and reviewing court actions and pleadings, as well as media and other reports. Furthermore, Harwood Feffer continues to investigate and develop the allegations against the defendants in the ERISA Actions.

Based on Harwood Feffer's prior experience in bringing and pursuing ERISA claims such as those asserted here, the proposed Interim Lead Counsel fully understands the substantial investment of time and resources necessary to properly pursue and lead the Wachovia ERISA action, and is committed to making the necessary investment in this case.

### 2. Harwood Feffer Has Vast Experience In ERISA And Class Action Litigation, Particularly With Respect To The Claims Asserted In The ERISA Actions

The second and third Fed. R. Civ. P. 23(g)(1)(C)(i) factors, which address counsel's relevant class action experience and knowledge of applicable law, also strongly favor Harwood Feffer, who is uniquely qualified to lead this prosecution on behalf of the Plan's participants and beneficiaries. Harwood Feffer is highly regarded and experienced complex and class action firms with well known records of success pursuing federal labor relations and employee rights, and has successfully litigated many class action claims based on breaches of fiduciary duties under ERISA. *See* Declaration of Jeffrey M. Norton, and the complete resume of Harwood Feffer attached thereto as Exhibit A.

Harwood Feffer has taken a leading role among law firms in pursuing employee lawsuits and ERISA class actions on behalf of participants and beneficiaries in employer-sponsored benefit plans and has obtained substantial recoveries in that regard. For instance, Harwood Feffer recovered more than $90 million (representing approximately 80% of the class' claimed loss) for plan participants in *In re Royal Dutch/Shell Transport ERISA Litig.*, 04-CV-1398-JWB-SDW (D.N.J.). In that case, the settlement also contained important provisions that required the corporate defendants to implement structural changes, including procedures regarding the monitoring and training of individuals appointed to be ERISA fiduciaries. Moreover, at the settlement fairness hearing in August 2005, the Court remarked on the skill and efficiency of class counsel in the prosecution of the case, stating they were:

> highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery .... So both skill and efficiency were brought to the table here by counsel, no doubt about that.

In addition, in *Graden v. Conexant Systems Inc. et al.*, Case No. 3:05-cv-0695-SRC-MAS (D.N.J.), Harwood Feffer served as sole lead counsel, and by virtue of its argument before the United States Court of Appeals for the Third Circuit, precedent was set in the Third Circuit that former employees who had cashed out of a defined contribution plan retain standing as participants to sue on behalf of the plan. *See Graden v. Conexant Systems Inc.*, 496 F.3d 291 (3d Cir. 2007). The precedent established in *Graden* now extends well beyond the Third Circuit, as Harwood Feffer successfully defeated a petition for a *writ of certiorari* before the United States Supreme Court in that matter. *See Conexant Systems Inc., et al.  v. Grade*n, 128 S.Ct. 1473 (2008).

In serving as lead or co-lead counsel, Harwood Feffer has also successfully achieved lucrative settlements for the classes in *In re Conagra Foods, Inc. ERISA Litig.*, Lead Case No. 8:05-CV-00348 (D. Ne.) (achieving a settlement for the class having a value exceeding $14 million); *In re AIG ERISA Litig.*, Master File No. 04-CV-9387-JES (S.D.N.Y.) (obtaining preliminary court approval for $24.2 settlement); and *Salvato v. Zale Corp. et al.*, Index No. 3:06-CV-1124-D (N.D. Tx.) (pending approval of settlement valued in excess of $7 million).

Moreover, Harwood Feffer, as sole lead counsel, obtained a grant of class certification in *In re UnumProvident Corp. ERISA Benefits Denial Actions*, Lead Case No. 1:03-CV-1000 (MDL Case No. 1:03-MD-1552) (E.D. Tenn.), and successfully withstood a multi-faceted motion to dismiss the action in *In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litig.*, MDL 1668. Serving as co-lead counsel, Harwood Feffer also defeated a motion to dismiss and obtained class certification status in *Brieger et al. v. Tellabs Inc. et al.*, Case No. 1:06-CV-1882 (N.D. Ill.).

In addition to the above, Harwood Feffer has served or currently serves as lead or co-lead

- 10 -

counsel in: *West v. Wellpoint, Inc., et al.*, Case No. 08-cv-0486 (S.D. Ind.); *In re Boston Scientific Corp. ERISA Litig.*, Master File No. 1:06-CV-10105-JLT (D. Mass.); *In re First American Corp. ERISA Litig.*, Master File No. SA-CV-07-1357-JVS (C.D. Cal.); *Shanehchian v. Macy's, Inc.*, Case No. 07-cv-828 (S.D.Ohio); *Gray v. Citigroup Inc., et al.*, 07-CV-9790-SHS (S.D.N.Y.); *In re Royal Ahold N.V. Securities & ERISA Litig.*, Case No. 1:03-MD-01539-CCB (D. Md.); *Peterson, et al. v. AT&T Corp.*, Case No. 99-CV-4982-JLL-RJH (D.N.J.); *In re Northwest Airlines Corporation et al.*, Case No. 05-2566(RHK/AJB); *In re Diebold ERISA Litig.*, Case No. 5:06-CV-0170 (SEL); *Stansbery, Jr. v . Alliance Capital*, 03-CV-8282-PKC-MHD (S.D.N.Y.); *McKoy v. Bank of America Corp. et al.*, 03-CV-8025-GBD (S.D.N.Y.); *Zarate v. Bank One Corp. et al.*, 03-CV-7315 (N.D. Ill.); *Wangberger v. Janus Capital Group, Inc, et al.*, 03-CV-2061 (D. Colo.); *Corbett v. Marsh & McLennan Companies, Inc. et al.*, 03-CV-8893-LAK (S.D.N.Y.); *Flynn v. Strong Capital Management, Inc. et al.*, 03-CV-1067-CNC (E.D. Wis.); *Walker v. Massachusetts Financial Services*, 03-CV-12629 (D. Mass.); and *Calderon v. Amvescap, PLC et al.*, 03-CV-2604 (D. Colo.). Furthermore, Harwood Feffer currently serves as lead counsel or co-lead counsel in a number of significant federal securities matters, state and federal derivative actions, and various transactional and consumer matters.

Appointing Harwood Feffer as Interim Lead Counsel is thus in the best interests of the Proposed Class.

### 3. Harwood Feffer Will Commit The Resources Necessary To Represent The Class

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Harwood Feffer as Interim Lead Counsel. Harwood Feffer is a well-established and successful law firm that has the resources and personnel necessary to pursue a case of this magnitude. Harwood Feffer has a proven track

record of managing ERISA cases and will dedicate the resources necessary to represent zealously the interests of the Plan's participants and beneficiaries in this action.

## <u>CONCLUSION</u>

Harwood Feffer has substantial and well-known class action experience, including experience in ERISA class actions, and, in addition, has initiated and already taken concrete steps to advance this litigation. For these and the other reasons stated above, Plaintiff respectfully requests that the Court enter Proposed Order: (1) consolidating the above-captioned cases; (2) establishing Plaintiff's proposed preliminary schedule and uniform caption, and (3) appointing Harwood Feffer as Interim Lead Counsel to act on behalf of ERISA class plaintiffs.

Dated: July 24, 2008

**HARWOOD FEFFER LLP**

_____s/ Jeffrey M. Norton_____
Robert I. Harwood (RH-3286)
Jeffrey M. Norton (JN-4827)
Roy Shimon (RS-7521)
488 Madison Ave., 8th Floor
New York, New York 10022
Tel: (212) 935-7400
Fax: (212) 753-3630

_Proposed Interim Lead Counsel_

GLANCY BINKOW & GOLDBERG LLP
Michael Goldberg, Esq.
Richard A. Maniskas, Esq.
1801 Avenue of The Stars, Suite 311
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

_Counsel for Plaintiff_