UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
IN RE WACHOVIA CORPORATION              :        MASTER FILE
ERISA LITIGATION                        :        08-cv-05320-NRB
------------------------------------------------------------------
THIS DOCUMENT RELATES TO:               :
All Actions                             :
------------------------------------------------------------------x

**PLAINTIFFS ROBERT M. COMINSKY, BARBARA PEGUES,
SHARON CREEL AND PETER J. ZEMAN'S MEMORANDUM IN SUPPORT OF
MOTION FOR APPOINTMENT OF INTERIM LEAD AND LIAISON COUNSEL**

Plaintiffs Robert M. Cominsky, Barbara Pegues, Sharon Creel and Peter J. Zeman

("Cominsky Plaintiffs" or "Plaintiffs") respectfully submit this Memorandum of Law in Support

of their Motion for Appointment of Interim Counsel in the above captioned, consolidated ERISA

actions.[1]  Plaintiffs respectfully request that the Court appoint Izard Nobel LLP ("Izard Nobel")

as Interim Lead Counsel and Sarraf Gentile LLP ("Sarraf Gentile") as Interim Liaison Counsel

in this litigation.

---

[1]  Pursuant to the Court's Order, dated August 13, 2008, (Docket No. 28), Plaintiffs move for
appointment of Interim Lead Counsel.  Prior to the entry of the Court's Order consolidating
related cases and instructing parties to file motions for appointment as Interim Lead Counsel, the
Cominsky Plaintiffs moved for appointment of Interim Lead Counsel and also for appointment
as Interim Lead Plaintiffs in *Cominsky v. Wachovia Corporation*, 08-cv-5990 ("Cominsky
Motion") (Docket No. 7).  Should the Court in the future find it appropriate to appoint Interim
Lead Plaintiffs, the Cominsky Plaintiffs respectfully request that they be appointed Interim Lead
Plaintiffs in the consolidated class action cases. As stated in the Cominsky Motion, the
Cominsky Plaintiffs are ready and willing to serve as Lead Plaintiffs on an interim basis pending
class certification, and are well qualified for this role. Plaintiffs have shown their commitment to
serve as Lead Plaintiffs for the proposed Class by providing relevant information to proposed
Lead Counsel and expressing a willingness to work closely with counsel to continue the
prosecution of his case on behalf of the Wachovia Savings Plan and the proposed class.

## I. INTRODUCTION

The consolidated actions are class actions brought pursuant to the Employee Retirement

Income Security Act of 1974 ("ERISA") (the "ERISA Actions") against Wachovia Corporation

("Wachovia" or the "Company") and other fiduciaries of the Wachovia Savings Plan ("Plan").[2]

Plaintiffs claim that the Defendants improperly permitted the Plan to invest in the Wachovia

Corporation Common Stock Fund (ESOP) and the Wachovia Corporation Common Stock Fund

Non-ESOP (collectively, "Funds") when the prices of Wachovia common stock and shares of the

Funds were artificially inflated due to Defendants' misrepresentations and failures to disclose

material adverse information concerning Wachovia's massive risks and liabilities arising out of

its structured and mortgage lending businesses.  Plaintiffs primarily seek relief on behalf of the

Plan pursuant to section 502(a)(2) of ERISA, 29 U.S.C. § 1 132(a)(2), because the Plan sustained

losses as a result of the imprudent investment of Plan assets in the Funds.  Under ERISA § 409,

29 U.S.C. § 1109, Defendants are responsible for restoring losses sustained by the Plan as a

result of Defendants' breaches of their fiduciary duties.

## II. ARGUMENT

### 1.    Izard Nobel Should Be Appointed Interim Lead Counsel

The Manual for Complex Litigation (4th ed. 2004) ("Manual"), suggests the designation

of Interim Lead Counsel for all plaintiffs in multi-party cases such as this one. *See* Manual §

20.22.   In determining lead counsel, courts should "conduct an independent review (usually a

hearing is advisable) to ensure that counsel appointed to leading roles are qualified and

---

[2] On August 13, 2008, the Court entered an Order pursuant to Fed. R. Civ. P. 42 (a)
consolidating Hansen v. Wachovia, et al., No. 08-cv-5320 (NRB) with Wright v. Wachovia, et
al., No. 08-cv-5324; Tuttle v. Wachovia, et al., No. 08-cv-5578, Cominsky v. Wachovia, et al.,
No. 08-cv-5990, Willard v. Wachovia, et al., No. 08-cv-6196, and Welch v. Wachovia, et al.,
No. 08-cv-6464, and ordering that any hereafter filed or transferred actions arising out of the
same operative facts be consolidated with this action.

responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Manual § 10.22.

In appointing class counsel, the court must consider the following four factors:

(1) the work counsel has done in identifying or investigating potential claims in the action,

(2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

(3) counsel's knowledge of the applicable law, and

(4) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i). "If more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2)(B).

Plaintiff proposes the following counsel structure:

Interim Lead Counsel for the Class:

Robert A. Izard
IZARD NOBEL LLP
20 Church St., 17th Floor
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

Interim Liaison Counsel for the Class:

Ronen Sarraf
Joseph Gentile
SARRAF GENTILE LLP
11 Hanover Square, 2nd Floor
New York, NY 10005
Telephone: (212) 868-3610
Facsimile: (212) 918-7967

Counsel for Plaintiffs respectfully submit that when measured against the relevant four factors set forth by the Manual, Plaintiffs' chosen counsel should be appointed lead counsel.

**A.      Izard Nobel Has Superior Experience in ERISA Class Actions and Depth of Knowledge of the Applicable ERISA Law**

Izard Nobel[3] has substantial experience with class actions and, in particular, ERISA 401(k) plan class action litigation.  The firm has an extremely successful track record in ERISA class actions, including recoveries of $100 million (In re AOL Time Warner, Inc. Sec. and ERISA Litig., MDL Docket No. 1500 (SWK) (S.D.N.Y)), $40 million (In re Cardinal Health, Inc. ERISA Litig., No. 04-643 (S.D. Ohio)) and $29 million (Furstenau v. AT&T, et al., No. 02-5409 (D.N.J.)). The firm serves or has served as lead or co-lead counsel in numerous significant ERISA 401(k) plan breach of fiduciary duty cases, including the following:

- In re AOL Time Warner, Inc. Securities and ERISA Litig., No. 02-1500 (S.D.N.Y);

- In re Tyco International, Ltd., Securities Litig., No. 02-1335-B (D. N.H.);

- Furstenau v. AT&T, et al., No. 02-5409 (D.N.J.);

- In re Reliant Energy ERISA Litig., No. 02-2051 (S.D. Tex.);

- In re Sprint Corporation ERISA Litig., No. 03-2202 (D. Kan.);

- In re AEP ERISA Litig., No. 03-67 (S.D. Ohio);

- In re JDS Uniphase Corp. ERISA Litig., No. 03-4743 (N.D. Cal.);

- In re Cardinal Health, Inc. ERISA Litig., No. 04-643 (S.D.Ohio);

- Spear v. Hartford Fin. Svcs Group. Inc., No. 04-1790 (D.Conn.);

- In re Merck & Co. Inc., Securities, Derivative & "ERISA" Litig., 05-2369 (D.N.J.);[4]

- In re Bausch & Lomb, Inc. ERISA Litig., No. 06-6297 (W.D.N.Y.);

---

[3] Izard Nobel appeared in earlier ERISA actions under the firm's previous names "Schatz Nobel Izard, P.C." or "Schatz & Nobel, P.C."

[4] Izard Nobel is the Chair of the Lead Counsel Committee.

- In re Diebold ERISA Litig. No. 06-0170 (N.D. Ohio);

- In re Dell, Inc. ERISA Litig., No. 06-758 (W.D. Tex.); and

- In re First American Corp. ERISA Litig., No. 07-1357 (C.D. Cal.).

Izard Nobel is on the Executive Committees in the following cases:

- In re Enron Corporation Sec. and ERISA Litig., No. 02-13624 (S.D. Tex.);

- In re Electronic Data Systems Corp. ERISA Litig., No. 03-1512 (E.D. Tex.); and

- In re Marsh ERISA Litig., No. 04-8157 (S.D.N.Y.).

In ruling on vigorously contested motions for appointment of interim lead counsel, other Courts have recognized Izard Nobel's superior expertise in ERISA class actions. In Merck, the Court stated, "What is clear is that Schatz & Nobel does have substantial experience in this area and much more experience than other contenders." In re Merck Sec., ERISA and Deriv. Litig., No. 05-1157 (D.N.J. Apr. 18, 2005) at 24 (attached to the Declaration of Robert A. Izard ("Izard Decl.") as Exhibit A). Similarly, the Tyco court found that Izard Nobel and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." In re Tyco International, Ltd. Sec. Litig., Case No. 02-1335 (D.N.H. Dec. 20, 2002) at 2 (attached to the Izard Decl as Exhibit B).  In Cardinal, the court also noted Izard Nobel's "extensive experience in ERISA litigation," the "high level of ERISA expertise" and "several well-argued briefs . . . on a range of issues." In re Cardinal Health, Inc. ERISA Litig., 225 F.R.D.552, 555-6 (S.D.Ohio 2005).

Courts have recognized the superior results obtained by Izard Nobel as a result of its experience.  For example, in the AOL Time Warner ERISA case, the Independent Fiduciary retained to review the $100 million settlement on behalf of the AOL Time Warner retirement

-2-

plans expected the case to settle for only $70 million. In re AOL Time Warner, Inc. Sec. and

ERISA Litig., No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated

August 7, 2007 at 7 (attached as Exhibit C to the Izard Decl.), approved by the Court by

Memorandum Opinion dated October 26, 2007 (attached as Exhibit D to the Izard Decl.).  The

Special Master reviewing an application for attorneys' fees found that in addition to the fact that

the quality of counsel's work was "impressive," "[e]ven more importantly, they used the

mediation process to persuade reluctant and determined defendants to part with settlement

dollars well above those expected." Id. at 30.   According to the Special Master, obtaining an

additional $30 million for the class stands out as "some of the hardest work and most outstanding

results" obtained by Izard Nobel and its co-counsel. Id at 37.  In negotiating this extraordinary

settlement, Izard Nobel "stretched the defendants' settlement tolerances beyond their limits." Id.

Moreover, the Court found that Izard Nobel worked with great efficiency.  After

conducting a "moderately detailed examination of counsels' actual time records," the Special

Master lauded the efficiency with which counsel litigated such a large case which inherently

tends to produce inefficiencies. Id. at 26, 43.

Similarly, in approving the Sprint settlement, the Court found, "[t]he high quality of

[Izard Nobel's] work culminated in the successful resolution of this complex case" and that "the

results obtained by virtue of the settlement are extraordinary. . . ." In re Sprint Corp. ERISA

Litig., No. 03-2202 (D. Kan.) (Aug. 3, 2006) at 33, 35 (attached to the Izard Decl as Exhibit E).

Izard Nobel's ERISA team is led by Robert A. Izard.  Mr. Izard is the former chair of the

Commercial and Business Litigation Committee of the Litigation Section of the American Bar

Association. He received his B.A. from Yale University and his J.D., with honors, from Emory

University, where he was elected to the Order of the Coif and was an editor of the Emory Law

Journal.  Mr. Izard has substantial jury and nonjury trial experience, including a seven-month

jury trial in federal district court.  He is experienced in various forms of alternative dispute

resolution, including mediation and arbitration, and is a Distinguished Neutral for the CPR

Institute for Dispute Resolution. Mr. Izard is the author of Lawyers and Lawsuits: A Guide to

Litigation published by Simon and Schuster.  A copy of the firm's resume is attached to the

Izard Decl. as Exhibit F.

###### B.     Izard Nobel Has Already Done Substantial Work And Will Commit Ample Resources In The Future To Represent The Class

As evidenced by its detailed complaint, Izard Nobel has already committed substantial

effort to investigating the claims in this case.  Moreover, it has served on Defendants a request

for all Plan documents pursuant to ERISA § 104(b)(4), a copy of which is attached to the Izard

Decl. as Exhibit G.  Izard Nobel has also served notice of this action on the United States

Secretary of the Treasury and Secretary of Labor as required by ERISA § 502(h), a copy of

which is attached to the Izard Decl. as Exhibit H.

Izard Nobel is prepared to commit the significant additional financial and personnel

resources necessary to prosecute this action.  Izard Nobel is an established leader in the field of

ERISA class action litigation, and has handled numerous large actions of this type.  Izard

Nobel's readiness can be judged, in part, by the fact that it has already successfully litigated

several of the largest ERISA cases in the country, against most of the nation's most powerful

defense firms.  Izard Nobel will certainly continue that level of commitment with this case.

###### 2.     Saraff Gentile Should Be Appointed Interim Liaison Counsel

Sarraf Gentile has substantial experience prosecuting class actions, in general, and those

arising under ERISA, in particular. Among the numerous ERISA class actions in which the firm

has participated as counsel for the class, the firm has served as lead counsel, and recouped millions of dollars on behalf of retirees, in the following actions: In re RCN Corp. ERISA Litigation, No. 04-cv-5068 (D.N.J.) ($5.375 million settlement); In re Ferro Corp. ERISA Litigation, No. 05-cv-1594 (N.D. Ohio) ($4 million settlement); Francis v. Comerica, Inc., et al, No. 05-cv-74038 (E.D. Mich.) ($2.02 million settlement).

Sarraf Gentile is also serving as interim class counsel in a complex ERISA class action pending in this District and has recently obtained preliminary approval of the roughly $9 million settlement of the numerous and complex ERISA claims that were at one point pending in the Second Circuit, this District and the Bankruptcy Court for this District. See Dickerson v. Feldman, et al., No. 06-cv-1616 (2d Cir.); Reiff v. Metz, et al., No. 07-cv-6011 (SDNY); In re Solutia Inc., et al., No. 03-17949 (SDNY Bank).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed Order, appointing the leadership structure of Izard Nobel as Interim Lead Counsel pursuant to Fed. R. Civ. P. 23(g) and Sarraf Gentile as Interim Liaison Counsel.

Dated: August 26, 2008                         Respectfully submitted:

                                               **SARRAF GENTILE LLP**


                                               /s/ Ronen Sarraf
                                               Ronen Sarraf
                                               Joseph Gentile
                                               11 Hanover Square, 2nd Floor
                                               New York, NY 10005
                                               Telephone: (212) 868-3610
                                               Facsimile (212) 918-7967
                                               *ronen@sarrafgentile.com*
                                               *joseph@sarrafgentile.com*

Robert A. Izard
**IZARD NOBEL LLP**
20 Church St., 17th Floor
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
*rizard@izardnobel.com*

Edwin J. Mills
**STULL STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022
*emills@ssbny.com*

Major Khan
**MAJOR KHAN LLC**
20 Bellevue Street
Weehawken, NJ 07086
Telephone: (646) 546-5664
Facsimile: (646) 546-5755
*mk@mk-llc.com*

**Attorneys for Robert M. Cominsky,
Barbara Pegues, Sharon Creel
and Peter J. Zeman**