UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WACHOVIA CORPORATION ERISA LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |  MASTER FILE NO. 1:08-cv-05320-NRB |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

**PLAINTIFF JASON WILLARD'S NOTICE OF MOTION AND MOTION TO APPOINT WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS INTERIM CLASS COUNSEL AND FOR ENTRY OF PRETRIAL ORDER NO. 2**

Plaintiff Jason Willard ("Plaintiff") respectfully moves this Court to appoint Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") interim class counsel and for entry of Pretrial Order No. 2 (attached hereto). In support of his motion, Plaintiff avers as follows:

1. Plaintiff filed a complaint against Wachovia Corporation ("Wachovia" or the "Company") and certain Wachovia executives and employees, collectively, "Defendants," fiduciaries of the Wachovia Savings Plan (the "Plan"), a defined contribution plan established and/or sponsored by Wachovia as a benefit for its employees. The complaint was filed by Plaintiff individually, on behalf of the Plan and as a representative of a proposed Class of Plan participants and beneficiaries.

2. Plaintiff's claims arise from, *inter alia*, the failure of the Defendants-fiduciaries of the Plan to act solely in the interest of the Plan's participants and beneficiaries and to exercise

the care, skill, prudence, loyalty and diligence in administering the Plan and investment of its assets mandated under §§ 404 and 405 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 and 1105.  More specifically, Plaintiff alleges, *inter alia*, that the Defendants-fiduciaries violated their fiduciary obligations by:

    a. failing to properly monitor the Plan and the committee(s) charged with the administration of the Plan and investment of its assets;

    b. failing to prudently manage the assets of the Plan by continuing to acquire and maintain existing shares of Wachovia stock for the Plan under circumstances in which Wachovia stock was a plainly unsuitable and imprudent investment option for the Plan and its participants; and

    c. enabling their co-fiduciaries to commit violations of ERISA and, with knowledge of these breaches, failing to make reasonable efforts to remedy these breaches.

3. Plaintiff seeks relief pursuant to ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a).  Plaintiff alleges, *inter alia*, that Defendants are responsible for restoring losses sustained by the Plan as a result of Defendants' breaches of their fiduciary duties.

4. To the best of Plaintiff's knowledge, six other similar actions have been filed in this District seeking similar relief based upon similar violations of ERISA:

    a. *Hansen v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5320;

    b. *Wright v. Wachovia Corp. et al.*, Civil Action No.: 1:08-cv-05324;

    c. *Tuttle v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5578;

    d. *Cominsky, et al., v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-05990;

  e. *Welch v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-6464;

  f. *Kelley v. Wachovia Corp., et al.*, Civil Action No.: 1:08-cv-6623.

5. Plaintiff Willard first sought the consolidation and coordination of the related actions on July 11, 2008. The actions were consolidated on July 31, 2008.

6. The Court subsequently directed all interested parties to move for the appointment of interim class counsel by September 5, 2008. On August 13, 2008, the Court issued an amended consolidation order directing any motions for appointment of interim lead counsel to be filed by August 26, 2008.

7. In accordance with the recommendations of the *Manual for Complex Litigation* (4th ed. 2004), FED. R. CIV. P. 23(g)(2)(A) and the Court's August 13, 2008 Order, Plaintiff submits for the Court's consideration a proposed form of Pretrial Order No. 2, which provides for the appointment Wolf Haldenstein as interim class counsel for all ERISA plaintiffs and the proposed class.

8. Wolf Haldenstein will coordinate and organize the ERISA plaintiffs and proposed class in the conduct of this litigation, and will ensure that the interests of ERISA plaintiffs and the proposed class are represented in the prosecution of this action. Counsel respectfully submits that the proposed leadership schedule will be appropriate for the consolidated action.

9. In support of his Motion, Plaintiff Willard respectfully submits an accompanying Memorandum in Support.

Dated: August 26, 2008                     Respectfully submitted,

                                         **WOLF HALDENSTEIN ADLER**
                                           **FREEMAN & HERZ LLP**

                                         <u>/s/ Matthew M. Guiney</u>
                                         Mark C. Rifkin
                                         Scott J. Farrell
                                         Matthew M. Guiney
                                         270 Madison Ave.
                                         New York, NY 10016
                                         Tel: (212) 545-4600
                                         Fax: (212) 545-4653

                                         *Counsel for Plaintiff Jason Willard and*
                                         *Proposed Interim Class Counsel*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 26, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to registered CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

                                        **WOLF HALDENSTEIN ADLER**
                                          **FREEMAN & HERZ LLP**

                                        /s/ Matthew M. Guiney
                                          Matthew M. Guiney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
IN RE WACHOVIA CORPORATION                  )
ERISA LITIGATION                            )    **MASTER FILE NO.**
                                            )    **1:08-cv-05320-NRB**
                                            )
_____)
                                            )
THIS DOCUMENT RELATES TO:                   )
ALL ACTIONS                                 )
_____ )


**[PROPOSED] PRETRIAL ORDER NO. 2**

The Court hereby designates Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, NY 10016, as Interim Class Counsel for the Consolidated Action. Interim Class Counsel shall have the authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) retaining experts; (f) designating which attorneys may appear at hearings and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) other matters concerning the prosecution or resolution of their case. Interim Class Counsel is also charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case. Defendants may satisfy their service obligations as to all of plaintiffs' counsel under Fed. R. Civ. P. 5(a) by serving Interim Class Counsel.

2

**DONE AND ORDERED** this _____ day of _____, 2008.

_____
Naomi Reice Buchwald
U.S. District Judge