**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____ ) | |
| IN RE WACHOVIA CORPORATION ) | |
| ERISA LITIGATION ) | **MASTER FILE NO.** |
| ) | **1:08-cv-05320-NRB** |
| ) | |
| _____ ) | |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ALL ACTIONS ) | |
| _____ ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JASON WILLARD'S
MOTION TO APPOINT WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS
INTERIM CLASS COUNSEL AND FOR ENTRY OF PRETRIAL ORDER NO. 2**

Plaintiff Jason Willard ("Plaintiff") respectfully submits this memorandum of law in support of his motion to appoint Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as interim class counsel and for entry of Pretrial Order No. 2.

## I.     INTRODUCTION

On July 8, 2008, Plaintiff Willard, by and through his counsel, filed an action[1] against Wachovia Corporation ("Wachovia" or the "Company") and certain Wachovia employees, (collectively, "Defendants").  To date, six other similar actions have been filed in this District alleging similar breaches against some or all of the same defendants.[2]  There appears to have been little or no litigation activity in any of the four first-filed actions or the two subsequently filed actions.

The seven related proposed class actions (the "ERISA Actions") are substantially similar, and each alleges that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a), 29 U.S.C. § 1132(a) in connection with the continued offering of Wachovia stock as an investment option in the Wachovia Savings Plan (the "Plan") despite the fact that the Defendant-fiduciaries knew Wachovia stock to be an imprudent investment alternative.  Plaintiff seeks relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf the Plan and a proposed class of all Plan participants who sustained losses to their retirement accounts.

---

[1] *Willard v. Wachovia Corporation, et al.*, C.A. No. 1:08-cv-06196-UA.

[2] *Hansen v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5320-NRB; *Wright v. Wachovia Corp. et al.*, Civil Action No.: 1:08-cv-05324-DC; *Tuttle v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5578-DC; *Cominsky, et al., v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-05990-UA; *Welch v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-6464-NRB; *Kelley v. Wachovia Corp., et al.*, Civil Action No.: 1:08-cv-6623-NRB.

Because the ERISA Actions are based on substantially the same facts and contain similar causes of action against overlapping defendants, on July 11, 2008, Plaintiff moved to consolidate the ERISA Actions and sought appointment of his counsel, Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as interim class counsel in accordance with the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*") and Federal Rule of Civil Procedure 23(g). After Plaintiff's motion was filed and served, other plaintiffs likewise filed their own motions to consolidate and sought appointment of their own counsel as interim class counsel. Other counsel sought leave from the Court to file similar motions. On July 31, 2008, the Court consolidated the ERISA Actions and entered Pre-Trial Order No. 1. However, the Court did not appoint interim class counsel. Instead, on August 13, 2008, the Court issued an amended consolidation order directing any motions for appointment of interim lead counsel to be filed by August 26, 2008.

## II.  WOLF HALDENSTEIN SHOULD BE APPOINTED INTERIM CLASS COUNSEL

This action requires strong stewardship through experienced and well-capitalized counsel. In this regard, Rule 23(g)(2)(A) authorizes the Court to "designate . . . class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23 state, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the class certification decision is made.

2

Rule 23(g)(1)(C)(i) directs the court to appoint class counsel who will "fairly and adequately represent the interests of the class."[3] In appointing class counsel, the Rule directs the Court to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including the following factors described in Rule 23(g):

    (a)    the work counsel has done in identifying or investigating potential claims in the action;

    (b)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

    (c)    counsel's knowledge of the applicable law; and

    (d)    the resources counsel will commit to representing the class.

Plaintiff's counsel, Wolf Haldenstein, amply satisfies the requirements of Rule 23(g)(1) for appointment as interim class counsel and is best able to represent the Class in this litigation.

### A.    Wolf Haldenstein Has Performed Significant Work In This Case

Wolf Haldenstein devoted considerable time and resources to independently investigate the claims asserted in this litigation. As a result of that investigation, Wolf Haldenstein filed Plaintiff's complaint against Wachovia and fiduciaries of the Plan after all pertinent facts were revealed. The action asserts claims concerning the losses suffered by the Plan arising out of Wachovia's reckless and significant investments in mortgage-related financial products. When the mortgage and real estate markets came crashing down, Plan participants were significantly injured as a result of the devastating reduction in the value of Wachovia stock held for their retirement savings.

---

[3] When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citation omitted).

Wolf Haldenstein monitored the various other actions filed against Wachovia on behalf of the Plan, and did not file a complaint until the Company filed its annual Form 11-K with the SEC on June 30, 2008. After reviewing the annual report, Wolf Haldenstein filed Plaintiff's complaint. Furthermore, Wolf Haldenstein was the first counsel to seek to consolidate and coordinate these actions to reduce duplication of efforts and to streamline the prosecution of the actions on behalf of plaintiffs and the Plan. It was only after Wolf Haldenstein sought consolidation and coordination of the ERISA Actions and appointment as interim class counsel that other parties followed suit. Absent Wolf Haldenstein's efforts, the ERISA Actions may not yet have been consolidated or coordinated. Wolf Haldenstein also sought the production of Plan-related documents on multiple occasions (attached to the Declaration of Mark C. Rifkin ("Rifkin Decl.") as Exhibits A and B).

**B.    Wolf Haldenstein Has Extensive Experience In ERISA and Class Action Litigation**

As reflected in its firm resume (Rifkin Decl., Exhibit C), Wolf Haldenstein is among the most experienced class action firms in the United States, having represented plaintiffs in nationwide class actions brought under ERISA and in other financially complex, large-scale litigations. The firm's resume contains a representative list of the many cases Wolf Haldenstein prosecuted as lead or primary counsel. The resume also details the results achieved in those cases and numerous published decisions from the cases in which Wolf Haldenstein served as class counsel or in a significant role.

Wolf Haldenstein serves or has served as lead or co-lead counsel in some of the largest and most significant class action lawsuits brought across the United States. The firm is or was lead counsel in the following cases brought under ERISA:

- *In re Tower Automotive ERISA Litigation*, No. 05 CV 2184 (LLS) (S.D.N.Y.) (settlement approved)

4

- *MBNA Corp. ERISA Litigation*, C.A. No. 05-429 GMN (D. Del.)

- *In re Aon ERISA Litigation*, No. 04 C 6875 (N.D. Ill.)

- *In re Aquila, Inc. (ERISA Litigation)*, 04-865 (W.D. Mo.) (settlement approved)

- *Spiziri v. The St. Paul Travelers Companies, Inc. ERISA Litigation*, Civ. No. 04-5096 (D. Minn.) (settlement approved)

- *In re Harley Davidson, Inc. ERISA Litigation*, Case No. 05-C-00547-CNC (E.D. Wis.)

- *In re Guidant Corporation ERISA Litig.*, 1:05-cv-1009-LJM-TAB (S.D. Ind.)[4]

- *Morgan Stanley ERISA Litigation*, 07-cv-11285 (S.D.N.Y.)

- *In re Schering-Plough Corporation Enhance ERISA Litigation*, 08-cv-1432 (D.N.J.)

- *In re UBS ERISA Litigation*, 08-cv-6696 (S.D.N.Y.)

Indeed, Wolf Haldenstein has had an active practice in the areas of federal labor relations and employee rights since the commencement of the New Deal more than 70 years ago. In a landmark case establishing important rights for employees, *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460 (S.D.N.Y. 1989), Wolf Haldenstein was lead counsel in the first certified class action under the Federal Plant Closing Act (WARN) and recovered $3.5 million for illegally-discharged employees.

Courts nationwide recognize Wolf Haldenstein's qualifications to serve as class counsel. *See, e.g., In re Luxottica Group, S.p.A. Sec. Litig.,* 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein lead class counsel based on the firm's "experience and

---

[4] In *Guidant*, Wolf Haldenstein successfully appealed the district court's dismissal of the ERISA complaint to the Seventh Circuit. The Seventh Circuit's opinion, *Harzewski v. Guidant Corporation*, 489 F.3d 799 (7th Cir. 2007), established the standing of former plan participants to bring an action for breach of fiduciary duty under ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2), and was cited approvingly by the Supreme Court in *LaRue v. DeWolff, Boberg & Associates, Inc.*, 128 S.Ct. 1020, 1026 n. 6 (2008).

expertise"); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable"). Recently, in *In Re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.), where the firm was co-lead counsel, Judge Hamilton stated (on August 15, 2007):

> I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides.

Moreover, at the completion of a very contentious and complicated litigation, Judge Milton Shadur paid the firm a great compliment:

> It has to be said…that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize . . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation.

*In re Comdisco Sec. Litig.*, No. 01 C 2110 (N.D. Ill. July 14, 2005).

Finally, Judge Carlos Cortez of the 44th Judicial District in Dallas County, Texas, noted as follows after appointing Wolf Haldenstein to a leadership position:

> You are exactly, the people in this room are exactly what I try to tell people week in and week out who come to this court to serve as jurors, that the profession of law is still noble, and all of you are a credit to the bar, and I'm humbled to be in your presence.

*In re TXU Corp. Derivative Litigation*, Consolidated Cause No. 07-1779 (Dallas County, Tex. 44th Judicial Dist.) and *In re TXU Corp. Shareholder Litigation*, Consolidated Cause No. 07-01707 (Dallas County, Tex. 44th Judicial District)

6

In addition to its accomplishments as lead or co-lead counsel in many significant actions, Wolf Haldenstein is also unique among firms practicing litigation of this kind because of its unparalleled trial experience.  The firm's senior litigation partner, Daniel W. Krasner, has tried five securities cases to verdict in his career.  Mark C. Rifkin has tried two class actions, a shareholder derivative action, and an individual shareholder action.  In one of those actions, the plaintiff obtained a verdict of nearly $100 million for the class.  Another partner, David L. Wales, has tried more than fifteen cases, including a derivative action against the general partner of a hedge fund tried to a jury verdict of more than $11 million in May 2004.  The firm's unique trial experience influences its approach to all phases of litigation, from the early evaluation of cases, through the preparation of pleadings, motion practice, discovery, and trial preparation, and uniquely qualifies it to lead this litigation.

In addition, Wolf Haldenstein is also uniquely qualified to serve as interim class counsel because the firm is not just a "boutique" litigation firm.  Rather, Wolf Haldenstein is a general practice firm, with attorneys who are experienced in corporate and tax law, as well as ERISA fiduciary duty litigation.  Attorneys in Wolf Haldenstein's corporate and tax departments regularly advise clients as to the development and administration of pension plans subject to ERISA.  Thus, the class will benefit from the unique depth and breadth of Wolf Haldenstein's knowledge and expertise in a number of related areas of the law.

### C.  Wolf Haldenstein Will Commit the Resources Necessary to Represent the Class

Wolf Haldenstein possesses the ability and willingness to expend the financial and human resources necessary to prosecute this litigation on behalf of the class.  Indeed, throughout the firm's long and proud history, there has never been any question that the firm could devote *millions* of dollars of resources if necessary for the prosecution a case.

7

Accordingly, Plaintiff respectfully asks this Court to appoint Wolf Haldenstein interim class counsel in this ERISA action and all subsequently-filed related actions and authorized to direct and supervise the activities of the other firms that may represent plaintiffs in future related class actions.

### D. The Court Should Enter Proposed Pretrial Order No. 2

The proposed Pretrial Order No. 2 appoints Wolf Haldenstein as interim class counsel and grants it authority over the following matters on behalf of all plaintiffs in the ERISA Actions: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) retaining experts; (f) designating which attorneys may appear at hearings and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) other matters concerning the prosecution or resolution of their case.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's Pretrial Order No. 2.

DATED: August 26, 2008

Respectfully Submitted,

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**

/s/ Matthew M. Guiney
Mark C. Rifkin
Scott J. Farrell
Matthew M. Guiney
270 Madison Ave.
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653

*Counsel for Plaintiff Jason Willard and
Proposed Interim Class Counsel*