UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WACHOVIA CORPORATION ERISA LITIGATION | MASTER FILE:  08 Civ. 5320 (NRB) |
| THIS DOCUMENT RELATES TO:<br>    All Actions | |

DECLARATION OF DEREK W. LOESER IN SUPPORT OF PLAINTIFF TODD A.
WRIGHT'S MOTION TO APPOINT INTERIM LEAD PLAINTIFFS, INTERIM LEAD
COUNSEL AND FOR ENTRY OF PRETRIAL ORDER NO. 1

DEREK W. LOESER declares pursuant to 28 U.S.C. § 1746 as follows:

1.    I am a partner with the firm of Keller Rohrback L.L.P., co-counsel of record for Plaintiff Todd A. Wright.  I am licensed to practice law in the State of Washington.  I submit this Declaration in support of Plaintiff Todd A. Wright's Motion to Appoint Interim Lead Plaintiffs, Appoint Interim Lead Counsel and for Entry of Pretrial Order No. 1.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

1.    Attached as Exhibit 1 is a true and correct copy of the *Annotated Manual for Complex Litigation* (4th ed. 2008) §§ 10.22, 40.22.

2.    Attached as Exhibit 2 is a true and correct copy of *In re Polaroid ERISA Litig.,* No. 04-8335 (S.D.N.Y. Mar. 5, 2004).

3.    Attached as Exhibit 3 is a true and correct copy of *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y. Sep. 18, 2002).

4.    Attached as Exhibit 4 is a true and correct copy of the Keller Rohrback L.L.P. ERISA Group resume.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2008 in Seattle, Washington.

_____
Derek W. Loeser
dloeser@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

# EXHIBIT 1

.225 Related Litigation

Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged. More often, however, the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation. To do so, invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel.

### 10.221 Organizational Structures

Attorneys designated by the court to act on behalf of other counsel and parties in addition to their own clients (referred to collectively as "designated counsel") generally fall into one of the following categories:

- *Liaison counsel.* Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court. The court may appoint (or the parties may select) a liaison for each side,[25] and if their functions are strictly limited to administrative matters, they need not be attorneys.[60]

- *Lead counsel.* Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery

---

60. *See In re* San Juan Dupont Plaza Hotel Fire Litig., MDL No. 721, 1989 WL 168401, at *19-20 (D.P.R. Dec. 2, 1988) (defining duties of "liaison persons" for plaintiffs and defendants).

requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Trial counsel.* Serve as principal attorneys at trial for the group and organize and coordinate the work of the other attorneys on the trial team.

*Committees of counsel.* Often called steering committees, coordinating committees, management committees, executive committees, discovery committees, or trial teams. Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making. The court or lead counsel may task committees with preparing briefs or conducting portions of the discovery program if one lawyer cannot do so adequately. Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses. See section 14.21 on controlling attorneys' fees.

The types of appointments and assignments of responsibilities will depend on many factors. The most important is achieving efficiency and economy without jeopardizing fairness to the parties. Depending on the number and complexity of different interests represented, both lead and liaison counsel may be appointed for one side, with only liaison counsel appointed for the other. One attorney or several may serve as liaison, lead, and trial counsel. The functions of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments.[26]

*10.222   Powers and Responsibilities*

The functions of lead, liaison, and trial counsel, and of each committee, should be stated in either a court order or a separate document drafted by counsel for judicial review and approval.[61] This document will inform other counsel and parties of the scope of designated counsel's authority and define responsibilities within the group. However, it is usually impractical and unwise for the court to spell out in detail the functions assigned or to specify the particular decisions that designated counsel may make unilaterally and those that require an affected party's concurrence. To avoid controversy over the interpretation of the terms of the court's appointment order, designated counsel should seek consensus among the attorneys (and any unrepresented parties) when making decisions that may have a critical impact on the litigation.

Counsel in leadership positions should keep the other attorneys in the group advised of the progress of the litigation and consult them about decisions significantly affecting their clients. Counsel must use their judgment about limits on this communication; too much communication may defeat the objectives of efficiency and

---

61. *See* Sample Order *infra* section 40.22.

**10.222**                                              Manual for Complex Litigation, Fourth

economy, while too little may prejudice the interests of the parties. Communication among the various allied counsel and their respective clients should not be treated as waiving work-product protection or the attorney–client privilege, and a specific court order on this point may be helpful.[62]

*10.223   Compensation*

See section 14.215 for guidance on determining compensation and establishing terms and procedures for it early in the litigation.

*10.224   Court's Responsibilities*

Few decisions by the court in complex litigation are as difficult and sensitive as the appointment of designated counsel. There is often intense competition for appointment by the court as designated counsel, an appointment that may implicitly promise large fees and a prominent role in the litigation. Side agreements among attorneys also may have a significant effect on positions taken in the proceedings. At the same time, because appointment of designated counsel will alter the usual dynamics of client representation in important ways, attorneys will have legitimate concerns that their clients' interests be adequately represented.[27]

For these reasons, the judge is advised to take an active part in the decision on the appointment of counsel. Deferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected, invites problems down the road if designated counsel turn out to be unwilling or unable to discharge their responsibilities satisfactorily or if they incur excessive costs. It is important to assess the following factors:

· qualifications, functions, organization, and compensation of designated counsel;

· whether there has been full disclosure of all agreements and understandings among counsel;

· would-be designated attorneys' competence for assignments;

· whether there are clear and satisfactory guidelines for compensation and reimbursement, and whether the arrangements for coordination among counsel are fair, reasonable, and efficient;

· whether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests;

· the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks; and

· the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court—experience in similar

62.  *See id.* ¶ 5.

roles in other litigation may be useful, but an attorney may have generated personal antagonisms during prior proceedings that will undermine his or her effectiveness in the present case.

Although the court should move expeditiously and avoid unnecessary delay, an evidentiary hearing may be needed to bring all relevant facts to light or to allow counsel to state their case for appointment and answer questions from the court about their qualifications (the court may call for the submission of résumés and other relevant information). Such a hearing is particularly appropriate when the court is unfamiliar with the attorneys seeking appointment. The court should inquire as to normal or anticipated billing rates, define record-keeping requirements, and establish guidelines, methods, or limitations to govern the award of fees.[63] While it may be appropriate and possibly even beneficial for several firms to divide work among themselves,[64] such an ar[28]rangement should be necessary, not simply the result of a bargain among the attorneys.[65]

The court's responsibilities are heightened in class action litigation, where the judge must approve counsel for the class (see section 21.27). In litigation involving both class and individual claims, class and individual counsel will need to coordinate.

### 10.225   Related Litigation

If related litigation is pending in other federal or state courts, consider the feasibility of coordination among counsel in the various cases. See sections 20.14, 20.31. Consultation with other judges may bring about the designation of common committees or of counsel and joint or parallel orders governing their function and compensation.[66] Where that is not feasible, the judge may direct counsel to coordinate with the attorneys in the other cases to reduce duplication and potential conflicts and to coordinate and share resources. In any event, the judges involved should exchange information and copies of orders that might affect proceedings in their courts. See generally section 20, multiple jurisdiction litigation.

In approaching these matters, consider also the status of the respective actions (some may be close to trial while others are in their early stages). Counsel seeking a more prominent and lucrative role may have filed actions in other courts.

---

63.  *See infra* section 14.21.

64.  *See In re* Auction Houses Antitrust Litig., 197 F.R.D. 71, 77 (S.D.N.Y. 2000); *In re* Fine Paper Antitrust Litig., 751 F.2d 562, 584 (3d Cir. 1984).

65.  *See, e.g., In re* Auction Houses Antitrust Litig., 197 F.R.D. 71 (S.D.N.Y. 2000); Smiley v. Sincoff, 958 F.2d 498 (2d Cir. 1992); *In re* Fine Paper Antitrust Litig., 98 F.R.D. 48 (E.D. Pa. 1983), *aff'd in part and rev'd in part*, 751 F.2d 562 (3d Cir. 1984).

66.  *See infra* section 40.51.

40.21                                          Manual for Complex Litigation, Fourth

Objections to such consolidation or other terms of this order shall promptly be filed, with a copy served on liaison counsel for plaintiffs and defendants.

Dated: _____                _____
                                               United States District Judge

Attachments: [Attachments to this order can be found from sections 40.22 to 40.3.]

*Notes:*

1.  *See supra* section 40.1.

2.  As a means of keeping advised of the progress of discovery without unnecessarily burdening the clerks' offices, the court may wish to add this provision: "At the time of requesting or responding to discovery, the parties shall file with the clerk a one-page notice indicating the nature of the discovery request or response."

3.  Coordination of discovery, including use of joint notices for common depositions, is often appropriate even if consolidation is not warranted.

4.  This order provides for appointment of only liaison counsel for defendants while providing for appointment of liaison counsel, lead counsel, and a steering committee for plaintiffs. In many cases, of course, the same organizational structure for both plaintiffs and defendants will be appropriate.

5.  To ensure that each liaison counsel has a complete file, copies of all documents should be served on both liaison counsel even if individual service is also to be made on other attorneys and parties. If the court directs under Fed. R. Civ. P. 5 that service on all opposing counsel may be made by serving liaison counsel, some additional time should be provided for liaison counsel to make distribution among those counsel and parties interested in a particular document.

6.  The court should encourage the parties to discuss waiver of service of process as contemplated by Rule 4(d). If the parties agree, the court should include a version of the bracketed clause in an order.

7.  Note that Rule 23(c)(1) provides that the class certification decision need only be made at "an early practicable time." The revised rule contemplates that the decision may come after rulings on Rule 12 motions and early motions for summary judgment.[741]

## 40.22  Responsibilities of Designated Counsel

It is ORDERED:

1.  *Plaintiffs' Lead Counsel.* Plaintiffs' lead counsel[1] shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall

    (a) determine (after such consultation with other members of Plaintiffs' Steering Committee and other cocounsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

    (b) coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

.225 Related Litigation

Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged. More often, however, the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation. To do so, invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel.

## 10.221 Organizational Structures

Attorneys designated by the court to act on behalf of other counsel and parties in addition to their own clients (referred to collectively as "designated counsel") generally fall into one of the following categories:

· *Liaison counsel.* Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court. The court may appoint (or the parties may select) a liaison for each side,[25] and if their functions are strictly limited to administrative matters, they need not be attorneys.[60]

· *Lead counsel.* Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery

---

60. *See In re* San Juan Dupont Plaza Hotel Fire Litig., MDL No. 721, 1989 WL 168401, at '19–20 (D.P.R. Dec. 2, 1988) (defining duties of "liaison persons" for plaintiffs and defendants).

Sample Orders                                                40.22

(c) conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

(d) delegate specific tasks to other counsel or committees of counsel,[2] as authorized by the court, in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;

(e) enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(f) prepare and distribute periodic status reports to the parties;

(g) maintain adequate time and disbursement records covering services as lead counsel;

(h) monitor the activities of cocounsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(i) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

Counsel for plaintiffs who disagree with lead counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of lead counsel.

2. *Plaintiffs' Liaison Counsel.* Plaintiffs' liaison counsel shall

(a) maintain and distribute to cocounsel and to defendants' liaison counsel an up-to-date service list;

(b) receive and, as appropriate, distribute to cocounsel orders from the court [and documents from opposing parties and counsel];[742]

(c) maintain and make available to cocounsel at reasonable hours a complete file of all documents served by or upon each party [except such documents as may be available at a document depository]; and

(d) establish and maintain a document depository [see section 40.26].

3. *Plaintiffs' Steering Committee.* The other members of plaintiffs' steering committee shall from time to time consult with plaintiffs' lead and liaison counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

4. *Defendants' Liaison Counsel.* Defendants' liaison counsel shall

(a) maintain and distribute to cocounsel and to plaintiffs' liaison counsel an up-to-date service list;

913

40.22                                                    Manual for Complex Litigation, Fourth

(b) receive and, as appropriate, distribute to cocounsel orders from the court [and documents from opposing parties and counsel];

(c) maintain and make available to cocounsel at reasonable hours a complete file of all documents served by or upon each party [except such documents as may be available at a document depository];

(d) establish and maintain a document depository [see section 40.261]; and

(e) call meetings of cocounsel for the purpose of coordinating discovery, presentations at pretrial conferences, and other pretrial activities.

5. *Privileges Preserved.* No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

Dated: _____          _____
                                          United States District Judge

*Notes:*
    1. In litigation involving different types of claims, such as economic injury and personal injury claims, the court and counsel may wish to create parallel structures for the cases.
    2. In litigation involving cases in state and federal courts, the court and counsel should consider appointing a state–federal liaison committee to coordinate pretrial and trial activity, particularly dis-covery.[743]

## 40.23  Attorneys' Time and Expense Records

It is ORDERED:

1. *Maintenance of Contemporaneous Records.* All counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records will be grounds for denying court-awarded attorney fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").[1]

2. *Filing.*[2]  By the fifteenth day of each month, each firm that may seek an award (or approval) of a fee by the court shall file [under seal with the clerk] [with lead counsel or a budget/record/compensation committee established by lead counsel and the court] a report summarizing, according to each separate activity, the time and expenses spent by its members or associates during the preceding month (and the ordinary billing rates of such attorneys in effect during the month) and the accumulated total of the firm's time, hourly rates, and expenses to date. [Lead Counsel shall file under seal with the clerk by the last day of the month a report summarizing, for all participating counsel, such time and expenses reports, arranged according to the particular activities.]

# EXHIBIT 2

*[handwritten: Polaroid ERISA Lit.]*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT CORREIA, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>GARY DICAMILLO, CARL LUEDERS, DONALD HALSTED, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, JOHN W. LOOSE, ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, MELLON BANK, N.A. BOSTON SAFE DEPOSIT AND TRUST COMPANY and DOES 1-100,<br><br>Defendants. | Case No. 03 CV 8335 (WHP) |

*[handwritten: Pleading / Pretrial Order No. 1 As Signed]*

| | |
|---|---|
| JOHN HUDSON, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON SAFE DEPOSIT AND TRUST COMPANY, GARY DICAMILLO, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, DONALD HALSTED, JOHN W. LOOSE, CARL LUEDERS, , MELLON BANK, N.A., ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, and DOES 1-100,<br><br>Defendants. | Case No. 03 CV 8976 (WHP) |

OTIS D. POWERS and BRADWORD W. PIRES, on behalf of themselves and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan,

                           Plaintiffs,

      v.

GARY DICAMILLO, WILLIAM L. FLAHERTY, JOHN W. LOOSE, ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, and DOES 1-30,

                        Defendants.

Case No. 04 CV 0282 (WHP)

## [PROPOSED] PRETRIAL ORDER NO. 1

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of ERISA involving the Polaroid Retirement Savings Plan (the "Plan"), a retirement plan established and sponsored by Polaroid Corporation ("Polaroid" or the "Company") as a benefit for its employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, formal consolidation of the ERISA actions for pretrial purposes and appointment of Liaison Counsel and Co-Lead Counsel is appropriate as consistent with the recommendations of the *Manual for Complex Litigation –Fourth* (2003);

WHEREFORE, the Court hereby Orders as follows:

## I.    CONSOLIDATION OF RELATED ACTIONS

1.  a).    Certain Defendants are not willing to stipulate at this time to consolidation of the actions for trial, but have stipulated to consolidation for pretrial purposes only. Therefore, at this time the above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated for pretrial purposes only ("Consolidated Action"). They shall be referred to collectively as *In re Polaroid ERISA Litigation*, Master File No. 03 CV 8335 (WHP). This order does not constitute a determination as to whether or not these actions should be consolidated for trial pursuant to Fed. R. Civ. P. 42(a), although the Court will determine later in these proceedings whether such consolidation would be appropriate.

b).    All Defendants shall provide a separate statement to the Court on or before June 1, 2004 as to whether they consent to the consolidation of these actions for all purposes, or whether the issue of such further consolidation will be submitted for judicial determination.

## II.    CAPTION OF CASES

2.    Every pleading filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE POLAROID ERISA LITIGATION | ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) |

MASTER FILE: 03 CV 8335 (WHP)

3.    When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III.    MASTER DOCKET

4.    A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order.  Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5.    When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed nor other docket entries made.

6.    When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action.  The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV.    MASTER FILE AND SEPARATE ACTION FILES

7.    A Master File is hereby established for the consolidated proceedings in the Consolidated Action.  The Master File shall be Civil Action No. 03 CV 8335 (WHP).  The original of this Order shall be filed by the Clerk in the Master File herein established.  The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.  The Clerk shall file a copy of this Order in each such separate file.  The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

## V.    NEWLY FILED OR TRANSFERRED ACTIONS

8.    When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above and thereafter, the Clerk of this Court shall:

(a)    File a copy of this Order in the separate file for such action;

(b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)    Make the appropriate entry in the Master Docket.

9.    The Law Offices of Curtis V. Trinko, LLP shall assist the Clerk by calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI.    APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

10.    This Order shall apply to each proposed class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Polaroid Retirement Savings Plan.  This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party.  The provisions of this Order shall apply to such action pending the Court's ruling on the application.

11.    Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have sixty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII.    ORGANIZATION OF COUNSEL

12.    The Court designates the following to act as Co-Lead Counsel and as Liaison Counsel for plaintiffs in the Consolidated Action, with the responsibilities hereinafter described:

a.    As Co-Lead Counsel for Plaintiffs

    Keller Rohrback L.L.P.
    1201 Third Avenue, Suite 3200
    Seattle, Washington 98101
    Telephone: (206) 623-1900
    Facsimile: (206) 623-3384

    Schiffrin & Barroway, L.L.P.
    Three Bala Plaza East, Suite 400
    Bala Cynwyd, PA 190004
    Telephone: (610) 667-7706
    Facsimile: (610) 667-7056

- 4 -

b.    As Liaison Counsel

> Laws Offices of Curtis V. Trinko, L.L.P.
> 16 West 46th Street, 7th Floor
> New York, NY 10036
> Telephone: (212) 490-9550
> Facsimile: (212) 986-0158

13.    Liaison Counsel in the Consolidated Action is charged with administrative

matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and

advising parties of developments in the case.

a).    The service of documents will be made pursuant to the Manuel for Complex

*Litigation – Fourth (2003).*

1.    Orders.  A copy of each order will be provided to Plaintiffs' Liaison
Counsel and Defendants' Liaison Counsel for distribution as
appropriate to other counsel and parties.

2.    Pleadings, Motions, and Other Documents.  Plaintiffs' Liaison
Counsel will be provided with four (4) copies of each pleading,
motion, or other document filed by a party; Defendants' Liaison
Counsel will be provided with six (6) copies of each such document.
Pursuant to Fed. R. Civ. P. 5, service on liaison counsel constitutes
service on other attorneys and parties for whom liaison counsel is
acting. Such service shall deemed effective seven days after service on
liaison counsel.

14.    Co-Lead Counsel shall have authority over the following matters on behalf of all

plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating,

responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order,

and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel

as they may deem appropriate; (e) retaining plaintiffs' experts; (f) proposing selection of Named Plaintiffs for inclusion in any and all Consolidated Amended Complaint(s); (g) designating which attorneys may appear at hearings and conferences with the Court; (h) conducting settlement negotiations with defendants; and (i) other matters concerning the prosecution of or resolution of their respective cases.

15.    Co-Lead Counsel shall have authority to communicate with defendants' counsel and  the Court on behalf of all plaintiffs.  Defendants' counsel may rely on all agreements made with any one of the Co-Lead Counsel, and such agreements shall be binding.

## VIII.   COORDINATION

16.    Co-Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## IX.    SCOPE OF ORDER

17. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

## X.    PRELIMINARY SCHEDULE OF PROCEEDINGS

18. Each party who has not already done so shall make available for inspection and copying all Plan-related documents in their possession on or before March 15, 2004:  such production shall include those documents under which the Plan is established or operated, and shall also include all Board Minutes and/or Resolutions concerning the appointment, duties and responsibilities of Plan fiduciaries during the Class Period.  Such Board Minutes and Resolutions

can be redacted for any non-fiduciary matters.]. To the extent any party does not possess any such documents, such party shall so inform the other parties in writing on or before March 15, 2004.

19. When a production is made, the producing party shall notify all other parties of the production, and make copies of the production available to requesting parties at the requesting parties' reasonable expense for copying and delivery.

20. Subject to the Court's approval, Plaintiffs will not seek other discovery from Defendants without leave of Court and for good cause shown until after motions to dismiss filed by the Defendants per the schedule set forth below are resolved by the Court.

21. All parties shall be notified of any third-party production of documents, which also shall be made available to any party requesting copies of such documents at the requesting parties' expense for copying and delivery.

22. Plaintiffs shall file a Consolidated ERISA complaint on or before April 15, 2004. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein. Pending filing and service of the consolidated complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them.

23. Defendants shall answer or otherwise respond to the Consolidated ERISA Complaint on or before June 1, 2004. If the Defendants move to dismiss they should do so in a single consolidated motion and memorandum. Plaintiffs shall serve their opposition to any motions brought by Defendants on or before July 12, 2004, and Defendants shall serve their single, consolidated reply, if any, on or before July 26, 2004.

       a). The Court's page limitations on the parties' filings with regard to Defendants' motions to dismiss shall be extended to fifty (50) pages for the Defendants' Consolidated Memorandum In Support Of Their Motions To Dismiss; fifty (50)

pages for Plaintiffs' Memorandum In Opposition To Defendants' Motions To

Dismiss; and twenty-five (25) pages for Defendants' Consolidated Reply In

Further Support Of Their Motions To Dismiss.

b).    Oral Argument with regard to Defendants' Motions to Dismiss is

scheduled for 11:00 A.M. on September 17, 2004 in Courtroom 11D, 500 Pearl

Street, New York, New York.  The court has scheduled one and one-half (1 ½ )

hours for this oral argument.

24. The parties will further confer and propose to the Court a mutually agreeable

schedule for discovery and briefing on issues related to class certification subsequent to the

disposition of Defendants' Motions To Dismiss.

SO ORDERED: 3\5\04

WILLIAM H. PAULEY III U.S.D.J.

<u>**SERVICE LIST**</u>
<u>**IN RE POLAROID ERISA LITIGATION**</u>

**PLAINTIFFS:**

Joseph H. Meltzer, Esq.
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004

**Proposed Lead Counsel For Plaintiffs and the Class**

Lynn Lincoln Sarko, Esq.
Derek W. Loeser, Esq.
Cari Campen Laufenberg, Esq.
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

**Proposed Co-Lead Counsel For Plaintiffs and the Class**

Evan J. Smith, Esq.
Brodsky & Smith, LLC
240 Mineola Boulevard
Mineola, New York 11501

**Assisting Counsel For Plaintiffs and the Class**


**DEFENDANTS:**

Emily Frug Klineman, Esq.
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

**Attorney for Defendant Gary DiCamillo**

Karen McCarthy, Esq.
McCarthy & Gordon, LLC
701 Washington Street, Suite 100
Newton, Massachusetts 02458

**Attorney for Defendant Carl Lueders**

Eric Mogilnicki
David P. Donovan
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, DC 20037

**Attorneys for Defendant Donald Halsted**

Martha Dye, Esq.
O'Melveny & Myers, LLP
1625 I Street, N.W.
Washington, DC 20006

**Attorney for Defendant William L. Flaherty**

John G. Fabiano, Esq.
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

**Attorney for Defendants John W. Loose, Albin F. Moshner,
Ralph Z. Sorenson, Bernee D. L. Strom, and Alfred M. Zein**

Gus P. Coldebella
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1780
Fax: (617) 532-1231

**Attorney for Defendant Judith Boynton**

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110-1844

**Attorney for Defendant Merganser Capital Management Corporation**

Christa D. Haas, Esq.
Edward A. Scallet, Esq
Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5881

**Attorney for Defendants Mellon Bank, N.A. and
Boston Safe Deposit and Trust Company**

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
IN RE WORLDCOM, INC. ERISA LITIGATION    :        MASTER FILE
                                         :        02 Civ. 4816 (DLC)
This Document Relates to: All Actions    :
                                         :        ORDER
                                         :
-----------------------------------------X

DENISE COTE, District Judge:

    As set forth at a conference on November 18, 2002, it is

hereby

    ORDERED as follows:

    1.    Stephen Vivien, Gail M. Grenier, and John T. Alexander

are appointed Lead Plaintiffs.

    2.    Keller Rohrback, L.L.P. shall serve as Lead Counsel for

all plaintiffs in the above-captioned actions.  Jeffrey Lewis of

Lewis & Feinberg, P.C. and Elizabeth J. Cabraser of Lieff

Cabraser Heimann & Bernstein, L.L.P. shall serve as members of

the plaintiffs' Steering Committee.  Stull, Stull & Brody shall

serve as local counsel.

    3.    Lead Counsel shall have the following responsibilities:

        a.    Sign any consolidated complaint, motions, briefs,

    discovery requests, objections, stipulations, or notices on

    behalf of plaintiffs for any matters arising during pretrial

    proceedings;

        b.    Chair and participate in meetings of the Steering

    Committee;

1

    c.   Conduct all pretrial proceedings on behalf of plaintiffs;

    d.   Brief and argue motions;

    e.   Initiate and conduct discovery;

    f.   Speak on behalf of plaintiffs at any pretrial conference;

    g.   Employ and consult with experts;

    h.   Conduct settlement negotiations with defense counsel on behalf of plaintiffs;

    i.   Call meetings of plaintiffs' counsel;

    j.   Accept service on behalf of all plaintiffs; and

    k.   Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions which shall be available to all plaintiffs' counsel at reasonable hours.

4.   Members of the Steering Committee shall be available for conferences with Lead Counsel to consult and advise on strategy and, at the option of lead counsel, to participate in settlement negotiations.

5.   Plaintiffs shall file a consolidated amended complaint for the Consolidated Actions and any actions subsequently consolidated with them on or before December 20, 2002.

6.   Defendants shall answer or move on or before January 17, 2003.  If a motion is filed, plaintiffs shall submit their opposition on or before February 7, 2003.  Defendants shall reply on or before February 14, 2003.  At the time the reply is served, defendants shall supply two courtesy copies of all motion papers to Chambers by delivering them to the Courthouse Mailroom, 8th Floor, United States Courthouse, 500 Pearl Street, New York, New York.

        SO ORDERED:

Dated:    New York, New York
          November 18, 2002

                                    _____
                                    DENISE COTE
                              United States District Judge

3

Copies sent to:

Lynn Sarko
Keller Rohrbach, LLP
1201 Third Avenue, 32nd Floor
Seattle, WA 98101

PLEASE IMMEDIATELY SEND COPIES TO ALL COUNSEL

# EXHIBIT 4





## ERISA LITIGATION GROUP



Keller Rohrback L.L.P.   1201 Third Avenue  Suite 3200   Seattle, WA 98101 | 206.623.1900

Keller Rohrback L.L.P.  275 Madison Avenue  Suite 1425  New York, NY 10016 | 212.878.8890

Keller Rohrback P.L.C.   3101 North Central Avenue   Suite 1400   Phoenix, AZ 85012 | 602.248.0088

www.ERISAfraud.com

www.SeattleClassAction.com

 

## ERISA LITIGATION GROUP

# LEADERS IN ERISA CLASS ACTION LITIGATION

KELLER ROHRBACK is the nation's leading law firm handling ERISA retirement plan litigation on behalf of Plaintiffs. Our ERISA Litigation Group has been instrumental in pioneering this cutting-edge field of law in the *IKON*, *Lucent* and *Enron* ERISA cases, the first large-scale ERISA 401(k) breach of fiduciary duty lawsuits of their kind. We are widely reported as an ERISA "powerhouse."

On behalf of our clients, Keller Rohrback has played a major role in establishing that ERISA's strict fiduciary duties apply to companies' investment of employees' retirement savings in the stock of the employers. Our efforts have resulted in numerous published decisions upholding Plaintiffs' ERISA claims, granting class certification, and approving several multi-million dollar settlements. In all, to date, Keller Rohrback has recovered over $880 million for employees on behalf of their retirement savings plans.

Federal courts throughout the country have recognized Keller Rohrback's qualifications to vigorously pursue ERISA class action claims. Thus, Keller Rohrback has served in a leadership position in almost every major ERISA breach of fiduciary duty case involving 401(k) and ESOP plans, including ERISA litigation against the following corporations:

*Founded in 1919, today Keller Rohrback has 58 attorneys and 90 staff members who provide expert legal services to our clients nationwide. We use cutting-edge technology and case management techniques in the preparation and trial of complex cases. Our excellent support staff includes in-house programming personnel and experienced paralegals who contribute significantly to our ability to effectively and efficiently litigate complex class action cases nationwide. The firm's ERISA Litigation Group regularly calls on firm attorneys in other practice areas for expertise in bankruptcy, contracts, employment law, executive compensation, corporate transactions, financial institutions, insurance coverage, mergers and acquisitions, professional malpractice, and securities transactions. The firm's in-house access to these resources distinguishes Keller Rohrback from other class action firms and also contributes to the firm's success.*

- *AIG*
- *Beazer Homes USA*
- *BellSouth*
- *CIGNA*
- *CMS Energy*
- *Countrywide Financial*
- *Delphi*
- *Dynegy*
- *Enron*
- *Ford Motor Co.*
- *Fremont General Corp.*

- *Global Crossing*
- *The Goodyear Tire & Rubber*
- *HealthSouth*
- *Household Int'l*
- *Huntington Bancshares Inc.*
- *Krispy Kreme Doughnut*
- *Lucent Technologies*
- *WorldCom*
- *Xerox Marsh*
- *Merck*
- *Merrill Lynch*

- *Mirant*
- *Polaroid*
- *Providian*
- *Pfizer*
- *Southern Company*
- *State Street*
- *Syncor*
- *Visteon*
- *Washington Mutual, Inc.*
- *Williams Companies*

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com                    www.SeattleClassAction.com

 

**ERISA LITIGATION GROUP**

# ERISA 401(k) and ESOP Cases

Keller Rohrback is proud to have an unparalleled track record of assisting our clients allege highly technical claims, including the following: (1) failure to prudently and loyally manage the plan and plan assets; (2) failure to provide complete and accurate information regarding company stock to Plan participants; and (3) failure to prudently monitor Plan fiduciaries. We are honored that courts nationwide have repeatedly praised Keller Rohrback's leadership and successful results in this highly complex and rapidly developing area of law.

*"[Keller Rohrback] has performed an important public service in this action and has done so efficiently and with integrity . . . [Keller Rohrback] has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions . . . [Keller Rohrback] should be appropriately rewarded as an incentive for the further protection of employees and their pension plans not only in this litigation but in all ERISA actions."* In re WorldCom, Inc. ERISA Litig., *59 Fed. R. Serv. 3d 1170, 33 Empl. Benefits Cas. (BNA) 2291 (S.D.N.Y. Oct. 18, 2004).*

*"The Court finds that [Keller Rohrback] is experienced and qualified counsel who is generally able to conduct the litigation as Lead Counsel on behalf of the putative class. Keller Rohrback has significant experience in ERISA litigation, serving as Co-Lead Counsel in the Enron ERISA litigation, the Lucent ERISA litigation, and the Providian ERISA litigation, and experience in complex class action litigation in other areas of the law. Mr. Sarko's presentation at the August 26, 2002 hearing before the Court evidences Keller Rohrback's ability to adequately represent the class."* In re Williams Cos. ERISA Litig., *No. 02-153 (N.D. Okla. Oct. 18, 2002) (order appointing Lead Counsel).*

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com                    www.SeattleClassAction.com



  **ERISA LITIGATION GROUP**

## Pioneering ERISA 401(k) and ESOP Cases

***Whetman v. IKON Office Solutions, Inc.***, No. MDL 1318 (E.D. Pa.) (Also cited as "*In re IKON Office Solutions, Inc. Securities Litigation.*"). The current wave of 401(k) company stock cases began with *Whetman v. IKON Office Solutions, Inc.*, No. 2-98-CV-89 (D. Utah). In a first-of-its-kind complaint, we alleged that company stock was an imprudent investment for the plan, that the fiduciaries of the plan failed to provide complete and accurate information concerning company stock to the participants, and that they failed to address their conflicts of interest. This case resulted in ground-breaking opinions in the ERISA 401(k) area of law on motions to dismiss, *Whetman v. IKON Office Solutions, Inc.*, 86 F. Supp. 2d 481 (E.D. Pa. 2000); class certification, *Whetman v. IKON Office Solutions, Inc.*, 191 F.R.D. 457 (E.D. Pa. 2000); approval of securities settlements with a carve-out for ERISA claims, *In re IKON Office Solutions Sec. Litig.,* 194 F.R.D. 166 (E.D. Pa. 2000); and approval of ERISA settlements, *Whetman v. IKON Office Solutions, Inc.*, 209 F.R.D. 94 (E.D. Pa. 2002).

***In re Lucent Technologies, Inc. ERISA Litigation***, No. 01-CV-3491 (D.N.J.). Keller Rohrback was appointed Co-Lead Counsel in this class action brought on behalf of participants and beneficiaries of the Lucent defined contribution plans that invested in Lucent stock. The complaint alleged that the Defendants withheld and concealed material information from participants, thereby encouraging participants and beneficiaries to continue to make and to maintain substantial investments in company stock and the plans. The settlement provided for, among other relief, the payment of $69 million in cash and stock to the plan. Judge Joel Pisano approved the settlement on December 12, 2003.

***In re Enron Corp. ERISA Litigation***, No. H 01-CV-3913 (S.D. Tex.) (Also cited as "*Tittle v. Enron Corp.*"). Keller Rohrback served as Co-Lead Counsel in this class action filed in the Southern District of Texas on behalf of participants and beneficiaries of the Enron Corporation Savings Plan, a 401(k) plan and ESOP plan. On September 30, 2003, Judge Melinda Harmon denied Defendants' numerous motions to dismiss in a landmark decision that addressed in detail Defendants' obligations as ERISA fiduciaries, and upheld Plaintiffs' core ERISA claims. *See Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003). Judge Harmon subsequently granted Plaintiffs' motion for class certification and affirmed Keller Rohrback as Co-Lead Counsel. *See Tittle v. Enron Corp.*, No. 01-3913, 2006 WL 1662596 (S.D. Tex. June 7, 2006). Plaintiffs have achieved settlements totaling more than $264 million in cash for the Enron plan participants.

***In re WorldCom, Inc. ERISA Litigation***, No. 02 Civ. 4816 (DLC) (S.D.N.Y.). Keller Rohrback serves as Lead Counsel in this class action filed in the Southern District of New York on behalf of participants and beneficiaries of the WorldCom 401(k) Salary

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
www.SeattleClassAction.com



 

**KELLER·ROHRBACK**
L A W   O F F I C E S

# ERISA LITIGATION GROUP

Savings Plan. On June 17, 2003, Judge Denise Cote denied in part Defendants' motions to dismiss. *See In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003), and on October 4, 2004, granted Plaintiffs' motion for class certification. *See In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004). Settlements providing for injunctive relief and payments of over $48 million to the plan were approved on October 26, 2004 and November 21, 2005.

## *Groundbreaking ERISA 401(k) and ESOP Settlements*

Keller Rohrback's qualifications to lead ERISA 401(k) and ESOP class actions is nowhere more evident than in the highly favorable settlements it has achieved for the benefit of employees in several of its nationally prominent cases. In addition to the *Enron, WorldCom, IKON,* and *Lucent* settlements discussed above, these settlements include:

*In re BellSouth Corporation ERISA Litigation*, No. 02-CV-2440 (N.D. Ga.). On March 4, 2004, Judge J. Owen Forrester denied Defendants' motion to dismiss. *See Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004). On December 5, 2006, Judge Forrester approved a settlement that provided structural relief for the Plans valued at up to $90 million, plus attorneys fees and costs. *See In re BellSouth Corp. ERISA Litig.,* No. 02-CV-2440 (N.D. Ga. Dec. 5, 2006).

*In re CMS Energy ERISA Litigation*, No. 02-72834 (E.D. Mich.). On March 31, 2004, Judge George Caram Steeh denied Defendants' motions to dismiss. *See In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898 (E.D. Mich. 2004). On December 27, 2004, Judge Steeh granted plantiffs' motion for class certification. *See In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004). Judge Steeh subsequently approved the $28 million settlement negotiated by the parties.

*In re Dynegy, Inc. ERISA Litigation*, No. H-02-3076 (S.D. Tex.). On March 5, 2004, the court denied, in part, Defendants' motions to dismiss. *See In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861 (S.D. Tex. 2004). Subsequently, the parties reached a settlement that provided for the payment of $30.75 million in cash to the plan. On December 10, 2004, Judge Sim Lake approved the settlement. *See In re Dynegy, Inc. ERISA Litig.,* No. 02-3076 (S.D. Tex. Dec. 10, 2004).

*In re Global Crossing Ltd. ERISA Litigation*, 02 Civ. 7453 (GEL) (S.D.N.Y.). The *Global Crossing ERISA Litigation* settlement provided for, among other relief, the payment of $79 million to the plan. Judge Gerard Lynch approved the settlement on November 10, 2004. *See In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453, 2004 WL 3019763 (S.D.N.Y. Dec. 29, 2004).

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com                    www.SeattleClassAction.com

**KR**

  **ERISA LITIGATION GROUP**

*In re HealthSouth Corp. ERISA Litigation*, No. CV-03-BE-1700-S (N.D. Ala.). On June 28, 2006, Judge Karon Bowdre approved a settlement in the amount of $28.875 million, with a possible additional $1 million from any HealthSouth recovery in the derivative action.

*In re Household International, Inc. ERISA Litigation*, No. 02 C 7921 (N.D. Ill.). On March 31, 2004, Judge Samuel Der-Yeghiayan denied, in part, Defendants' motions to dismiss. *See Cokenour v. Household Int'l Inc.*, No. 02-7921, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004). The case subsequently settled for $46.5 million in cash to the plan. The court approved the settlement on November 22, 2004. *See Cokenour v. Household Int'l Inc.*, No. 02 C 7921 (N.D. Ill. Nov. 22, 2004).

*In re Mirant Corporation ERISA Litigation*, No. 1:03-CV-1027 (N.D. Ga.). On November 16, 2006, the court approved the settlement, including a payment of $9.7 million in cash to the Plan for losses suffered by the certified Settlement Class.

*In re Polaroid ERISA Litigation*, No. 03-CV-8335 (S.D.N.Y.). On March 31, 2005, Judge William H. Pauley III granted in part and denied in part Defendants' motion to dismiss. *See In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005). On September 29, 2006, Judge Pauley granted Plaintiffs' motion for class certification. *See In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006). The parties subsequently reached a settlement in the amount of $15 million, which was approved by the court on June 25, 2007.

*In re Providian Financial Corp. ERISA Litigation*, No. C-01-5027-CRB (N.D. Cal.). The *Providian ERISA Litigation* settlement provided for structural changes to the plan, as well as the payment of $8.6 million in cash to the plan. The court approved the settlement on June 30, 2003. *See In re Providian Fin. Corp. ERISA Litig.*, No. 01-5027, 2003 WL 22005019 (N.D. Cal. June 30, 2003).

*Smith v. Krispy Kreme Doughnut Corporation*, No. 1:05-CV-06187 (M.D.N.C.). The Krispy Kreme ERISA Litigation settlement provided for structural changes to the plan, as well as the payment of $4.75 million in cash. On January 10, 2007, Judge William L. Osteen approved the settlement.

*In re Southern Company ERISA Litigation*, No. 1:04-CV-1912-RWS (N.D. Ga.). On August 14, 2007, the court granted final approval of the settlement, including a payment of $15,000,000 in cash to the Plan for losses suffered by the certified Settlement Class.

*In re Visteon Corporation ERISA Litigation*, No. 05-71205 (E.D. Mich.). On March 9, 2007, Judge Aven Cohn approved a settlement in the amount of $7.6 million.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088

www.ERISAfraud.com                www.SeattleClassAction.com



  **ERISA LITIGATION GROUP**

*In re Williams Companies ERISA Litigation*, No. 02-CV-153 (N.D. Okla.). On November 16, 2005, the court approved the settlement for $55 million in cash, plus equitable relief in the form of a covenant that Williams will not take any action to amend the Plan to (i) reduce the employer match thereunder below four percent prior to January 1, 2011, or (ii) require that the employer match be restricted in company stock prior to January 1, 2011.

## Pending ERISA Cases

In addition to the cases listed above, Keller Rohrback has been appointed to a leadership position in numerous other ongoing ERISA 401(k) and ESOP class actions. Through these cases, Keller Rohrback has again and again demonstrated its expertise in ERISA law, and its ability to vigorously, creatively, and successfully pursue employees' rights under ERISA. Keller Rohrback's leading role in the development of this law is unique and distinguishes the firm from any other in the country. Notable pending cases include:

*In re AIG ERISA Litigation,* No. 04-9387 (S.D.N.Y.). On July 3, 2008, the Honorable John E. Sprizzo issued an order granting preliminary approval of the Settlement Agreement between the Plaintiffs and the Defendants. The Court will hold a Fairness Hearing on October 7, 2008. The Settlement Agreement provides that the Defendants agree to pay $24,200,000 in cash to settle the claims asserted in the consolidated complaint.

*Greenberg v. The Bear Stearns Cos. Inc., et al.,* No. 08-03334 (S.D.N.Y.). On April 3, 2008, Keller Rohrback filed an ERISA complaint in the United States District Court Southern District of New York on behalf of Plaintiff and a class of all persons who were participants in or beneficiaries of The Bear Stearns Cos. Inc. Employee Stock Ownership Plan between December 14, 2006 and the present and whose accounts included investments in Bear Stearns common stock.

*In re Beazer Homes USA, Inc. ERISA Litigation*, No. 1:07-CV-00952-RWS (N.D. Ga.). On October 11, 2007, Keller Rohrback was appointed Interim Co-Lead Counsel, and on June 27, 2008, Plaintiffs filed a consolidated amended complaint.

*Alvidres v. Countrywide Financial Corp*., No. 2:07-cv-05810-RGK-CT (C.D.Cal). On April 16, 2008, Judge R. Gary Klausner granted Plaintiff's motion for class certification, and denied "in toto" Defendants' Motions to Dismiss. The case has now moved into the main discovery phase.

*In re Dell Inc., ERISA Litigation,* No. 07-0758 (W.D. Tex). On June 23, 2008, the Honorable Sam Sparks granted in part and denied in part the Defendants' motion to dismiss.



  **ERISA LITIGATION GROUP**

*In re Delphi Corporation Securities, Derivative & "ERISA" Litigation*, No. 05-CV-70882 (E.D. Mich.). On September 5, 2007, the Court preliminarily approved a settlement amount of $47 million, preliminarily certified a Settlement Class and scheduled a Fairness Hearing for November 13, 2007.

*In Re Ford Motor Company ERISA Litigation*, No. 4:06-cv-11718-PVG-SDP (E.D.Mich.) On December 22, 2006, the Court appointed Keller Rohrback Interim Co-Lead Counsel.

*In re Fremont General Corporation Litigation*, No. 2:07-cv-02693-FMC-FFM (C.D. Cal.). On August 17, 2007, the Honorable Florence-Marie Cooper appointed Keller Rohrback sole Interim Lead Counsel, and on May 29, 2008, Judge Cooper denied Defendants' motion to dismiss.

*In re The Goodyear Tire & Rubber Company ERISA Litigation*, No. 5:03CV02180 (N.D. Ohio). Judge John R. Adams denied Defendants' motions to dismiss on July 6, 2006. *See In re The Goodyear Tire & Rubber Co. ERISA Litig.,* No. 03-2180, 2006 WL 1928470 (N.D. Ohio July 6, 2006).

*Freeman v. Health Management Associates, Inc., et al.,* No. 07-00673 (M.D. Fla.). On October 17, 2007, Keller Rohrback filed an ERISA complaint on behalf of Plaintiff and a class of all persons who were participants in or beneficiaries of the Health Management Associates, Inc. Retirement Savings Plan between January 17, 2007 and the present and whose accounts included investments in HMA common stock. On May 14, 2008, the Court consolidated the related ERISA actions. The motions for appointment of interim lead plaintiffs and interim lead counsel are currently pending.

*In re Huntington Bancshares Inc., ERISA Litigation*, No. 08-00165 (S.D. Ohio). On May 14, 2008, the Honorable Gregory L. Frost consolidated the various pending ERISA cases and appointed Keller Rohrback as Interim Co-Lead Counsel. A consolidated amended complaint was filed on August 4, 2008.

The *Montoya, et al. v. ING Life Insurance and Annuity Company, et al.*, No. 07-CV-2574 (S.D.N.Y). On 3/28/07, Keller Rohrback filed an ERISA complaint on behalf of Plaintiffs and a class of current and former New York State United Teachers ("NYSUT") members and beneficiaries who participated in the Opportunity Plus 403(b) plan or the Opportunity Independence 403(b) plan at any time between June 1989 and December 31, 2006.

*In re J.P. Morgan Chase Cash Balance Litigation*, No. 06-cv-0732 (S.D.N.Y.). On October 30, 2006, Judge Harold Baer, Jr. granted in part and denied in part Defendants' motion to dismiss. *See In re J.P. Morgan Chase Cash Balance Litig.*, 460

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com                www.SeattleClassAction.com



 

**KELLER·ROHRBACK**
L A W   O F F I C E S

# ERISA LITIGATION GROUP

F. Supp. 2d 479 (S.D.N.Y. 2006). On May 30, 2007, Judge Baer granted in part and denied in part Plaintiffs' motion for class certification, and certified a class of participants with respects to Plaintiffs' age discrimination and ERISA notice claims. The Court appointed Keller Rohrback L.L.P. as class counsel along with its two Co-Lead Counsel firms. *See In re J.P. Morgan Chase Cash Balance Litig.*, No. 06-cv-0732, 242 F.R.D. 265 (S.D.N.Y. 2007).

*In re Marsh ERISA Litigation*, No. 04-CV-8157 (S.D.N.Y.). On December 14, 2006, the Honorable Shirley Wohl Kram issued an order in which she granted in part and denied in part the Defendants' Motions to Dismiss. *See In re Marsh ERISA Litig.*, No. 04-8157, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006).

*In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*, No. 3:05-CV-01151 (D.N.J.). On July 11, 2006, Judge Stanley R. Chesler granted in part and denied in part Defendants' motions to dismiss. *See In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.,* No. 05-1151, 2006 WL 2050577 (D.N.J. July 11, 2006).

*In re Merrill Lynch & Co., Inc. ERISA Litigation*, No. 07-10268 (S.D.N.Y.). At a hearing held on February 21, 2008, the Court appointed Keller Rohrback as Interim Co-Lead Counsel. A consolidated amended complaint was filed on May 21, 2008.

*Lilly, et al. v. Oneida Ltd. Employee Benefits Admin. Committee, et al.*, No. 07-0340 (N.D.N.Y.). On May 8, 2008, the Honorable Neal P. McCurn issued an order in which he denied Defendants' motion to dismiss. The order allows Plaintiffs to pursue their claims against Defendants.

*In re Pfizer ERISA Litigation*, No. MDL-1688 (S.D.N.Y.). Defendants' Motion to Dismiss has been fully briefed and is pending before Judge Laura T. Swain.

*In re State Street Bank and Trust Co. ERISA Litigation*, No. 07-8488 (RJH) (S.D.N.Y.). On January 31, 2008, Judge Richard J. Howell appointed Keller Rohrback Co-Lead Counsel and Interim Class Counsel.

*In re Syncor ERISA Litigation*, No. 03 CV 2446 (LGB) (C.D. Cal.). On August 23, 2004, Judge Baird denied, in part, Defendants' motions to dismiss. *See In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004). Judge Baird subsequently granted Plaintiffs' motion for class certification on March 28, 2005. The case settled, but was dismissed on summary judgment before the settlement could be approved. On February 19, 2008, the Ninth Circuit Court of Appeals reversed the district court's decision and remanded the case for further proceedings consistent with the court's order. On July 29, 2008, Judge R. Gary Klausner preliminarily approved the settlement

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com                    www.SeattleClassAction.com

KR

  **ERISA LITIGATION GROUP**

and notice is currently being mailed to the Class. A final approval hearing is scheduled for October 6, 2008.

***Wright v. Wachovia Corp., et al.,*** No. 08-5324 (S.D.N.Y.). On June 13, 2008, Keller Rohrback filed an ERISA complaint on behalf of Plaintiff and a class of all persons who were participants in or beneficiaries of the Wachovia Savings Plan between January 23, 2007 and the present and whose accounts included investments in Wachovia common stock.

***In Re Washington Mutual, Inc. ERISA Litigation,*** No. 07-1874 (W.D. Wash.). On May 7, 2008, the Honorable Marsha J. Pechman consolidated the various pending ERISA cases and on May 20, 2008, Judge Pechman appointed Keller Rohrback as Interim Co-Lead Counsel in the ERISA matter. A consolidated amended complaint was filed on August 5, 2008.

***In re Xerox Corporation ERISA Litigation***, No. 02-CV-1138 (AWT) (D. Conn.). On April 17, 2007, Judge Alvin W. Thompson denied in all significant parts the Defendants' motions to dismiss. *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).

## Representative Securities Fraud Cases

In addition to its work in the ERISA arena, Keller Rohrback also has served as lead or Co-Lead Counsel in a number of securities fraud class action cases where it has represented purchasers of securities.

***In re 2TheMart.Com Inc. Securities Litigation***, No. 99-1127 DOC (ANx) (S.D. Cal.). Keller Rohrback was appointed Co-Lead Counsel in this securities fraud class action and achieved a settlement of $2.7 million.

***In re Anicom Inc. Securities Litigation***, No. 00 C 4391 (N.D. Ill.). Keller Rohrback was one of three counsel representing the State of Wisconsin Investment Board in this securities fraud class action. Counsel achieved settlements on behalf of the class and other parties in excess of $39 million.

***In re Apple Computer, Inc. Derivative Litigation***, No. C-06-04128 (N.D. Cal.). Keller Rohrback serves on the Plaintiffs' Management Committee in this federal derivative shareholder action against nominal Defendant Apple Computer, Inc. and current and former officers and members of Apple's Board of Directors. Plaintiffs allege, among other things, breach of fiduciary duty, unjust enrichment, and gross mismanagement arising from the practice of backdating stock options granted between 1993 and 2001, which practice diverted millions of dollars of corporate assets to Apple executives.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088

www.ERISAfraud.com                www.SeattleClassAction.com



  **ERISA LITIGATION GROUP**

*In re Autodesk, Inc. Derivative Litigation*, No. 06-7185 (N.D. Cal.). Keller Rohrback has been appointed to Chair the Plaintiffs' Executive Committee in this federal derivative shareholder action pending in the Northern District of California. Plaintiff brings claims on behalf of nominal Defendant Autodesk, Inc., and certain current and former Autodesk officers and directors. These Defendants are alleged to have, among other things, breached their fiduciary obligations to Autodesk by engaging in the practice of backdating certain broad-based employee stock options, which practice has diverted millions of dollars of corporate assets and is forcing Autodesk to record additional compensation expenses.

*In re Foundry Networks, Inc. Shareholder Derivative Litigation*, No. 06-05598 (N.D. Cal.). Keller Rohrback L.L.P. has been appointed Co-Lead Counsel in this federal derivative shareholder action against nominal Defendant Foundry Networks, Inc., and current and former officers and members of Foundry's Board of Directors. Plaintiffs allege, among other things, breach of fiduciary duty, unjust enrichment, and gross mismanagement arising from the practice of backdating stock options granted between 2000 and 2003, which practice has diverted millions of dollars of corporate assets to Foundry executives.

*Getty v. Harmon, et al.*, No. C98-0178 (W.D. Wash.). This securities class action was brought on behalf of all people who purchased unregistered securities from Defendants. The suit was settled in favor of the Plaintiffs in the amount of $7 million.

*IKON Securities Litigation*, No. 98 CV-5483 (E.D. Pa.). Keller Rohrback served as Co-Lead Counsel representing the City of Philadelphia and eight other lead Plaintiffs. Class Counsel achieved the highest securities fraud settlement in the history of the Court by settling with Defendant IKON Office Solutions, Inc. for $111 million.

*Lasky v. Brown (United Companies Securities Litigation)*, No. CV99-1035-B-M2 (M.D. La.). Keller Rohrback served as Co-Lead Counsel in this securities fraud class action, and secured a $20.5 million settlement.

*In re Scientific-Atlanta, Inc. Securities Litigation*, No. 1:01-CV-1950-RWS (N.D. Ga.). Keller Rohrback L.L.P. serves as Co-Lead Counsel in this case, in which Plaintiffs allege that Defendants engaged in a course of fraudulent conduct by misrepresenting and omitting material information pertaining to Scientific-Atlanta's financial results and by engaging in extensive channel stuffing in order to enable the company to meet its stated earnings expectations.

*In re WorldPort Communications, Inc.*, No. 1-99-CV-1817 (N.D. Ga.). Keller Rohrback played an active role in the prosecution of this securities fraud class action and secured settlements totaling $5,100,000.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088

www.ERISAfraud.com                    www.SeattleClassAction.com



  **ERISA LITIGATION GROUP**

*In re Zoran Corp. Derivative Litig.*, No. 06-05503 (N.D. Cal.). Keller Rohrback serves as sole Lead Counsel in this federal derivative shareholder action against Zoran Corporation and certain current and former officers and directors. Plaintiff alleges, among other things, breach of fiduciary duty, unjust enrichment, corporate waste, and violation of federal securities laws arising from the practice stock option backdating. In one of the most thorough decisions issued to date, Judge Alsup denied in significant part Defendants' motion to dismiss. *See In re Zoran Corp. Derivative Litig.*, No. 06-0553, 2070 WL 1650948 (N.D. Cal. June 5, 2007).

# Other Representative Cases

*Erickson, et. al. v. Bartell Drug Co.*, No. C00-1213L (W.D. Wash.). This landmark case, won on summary judgment, established that a private employer excluding prescription contraception services from an otherwise extensive health insurance plan unlawfully discriminates under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

*Ferko, et al v. NASCAR*, No. 4:02-CV-50 (E.D. Tex.). Keller Rohrback was counsel for Plaintiff in a lawsuit that charged NASCAR with breach of contract and unlawful monopolization. The suit also claimed that NASCAR and another Defendant, International Speedway Corporation ("ISC"), engaged in a conspiracy to restrain trade in violation of the antitrust laws. Keller Rohrback represented the shareholders of Speedway Motorsports, Inc. ("SMI"), a publicly traded company that owns six motorsports facilities, including Texas Motor Speedway ("TMS"). In May 2004, the parties reached a settlement agreement, pursuant to which, among other things, SMI agreed to purchase North Carolina Speedway from ISC for $100.4 million. The settlement was approved by the United States District Court for the Eastern District of Texas.

*In re Carpet Antitrust Litigation*, No. 1:95-CV-1494 (N.D. Ga.). This antitrust class action alleged a nationwide price-fixing conspiracy among the manufacturers and sellers of polypropylene carpet and was brought on behalf of purchasers of such carpet. Plaintiffs negotiated a successful settlement.

*In re Commercial Tissue Products Antitrust Litigation*, No. MDL 1189 (N.D. Fla.). This antitrust case involved allegations of a nationwide price-fixing conspiracy among the major manufacturers of facial tissue, toilet paper, paper towels, and related paper products used in "away from home" settings, such as office buildings, hotels, restaurants, and schools. Parties entered into a settlement agreement valued at $56.2 million in cash and coupons.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com    www.SeattleClassAction.com

  **ERISA LITIGATION GROUP**

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, No. MDL 1203 (E.D. Pa.). These cases involve numerous Plaintiffs in Washington and other states who seek medical monitoring and/or personal injury compensation in relation to their ingestion of the prescription diet drugs Pondimin and Phentermine (*i.e.*, Fen-Phen) or Redux. Keller Rohrback serves as Class Counsel for a certified medical monitoring class of Washington patients who ingested these diet drugs. In addition, Judge Louis C. Bechtle, the federal judge who supervised the national settlement and litigation, appointed Lynn Lincoln Sarko, Keller Rohrback's managing partner, to serve as a member of the MDL 1203 Plaintiffs' State Liaison Counsel Committee. Keller Rohrback has represented, and continues to represent, numerous Plaintiffs in pursuing individual personal injury claims through the American Home Products' Nationwide Class Action Diet Drug Settlement or through individual lawsuits brought in state or federal courts.

*In re the Exxon Valdez*, No. A89-095 (D. Alaska). Keller Rohrback represents fishermen, Alaska natives, municipalities, and other injured Plaintiffs in this mass tort lawsuit arising out of the March 24, 1989, oil spill in Prince William Sound, Alaska. After a three-month jury trial, Plaintiffs obtained a judgment of $5 billion in punitive damages—at the time the largest punitive damages verdict in U.S. history. Keller Rohrback played a leadership role during discovery and at trial, and was chosen to serve as Administrator of both the Alyeska and Exxon Qualified Settlement Funds. The amount of punitive damages was recently reduced by the United States Supreme Court. The U.S. Supreme Court recently limited the punitive damages award to $507.5 million. The plaintiffs are currently litigating their right to post-judgment interest.

*In re First USA Bank*, No. C97-1482D 9 (W.D. Wash.). This class action was filed on behalf of owners of credit cards issued by First USA Bank who signed up for "introductory rate" credit cards that were subject to false and deceptive "repricing." A settlement in this class action resulted in an automatic depricing benefit of over $50 million, plus over $36 million in benefits from other settlement-related offers.

*In re Linerboard Antitrust Litigation*, MDL Docket No. 1261 (E.D. Pa). The class actions in this litigation were resolved with the recovery of more than $202 million for the benefit of a class of businesses that purchased corrugated boxes and sheets. The combined settlements are the largest ever obtained in a price-fixing class action in the Eastern District of Pennsylvania and among the largest obtained in such a case nationally.

*In re Monosodium Glutamate Antitrust Litigation*, No. MDL No. 00-1328 (D. Minn.). Keller Rohrback represents the Plaintiff Class in this case pending in the United States District Court for the District of Minnesota. So far, $124 million has been recovered for

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com    www.SeattleClassAction.com



 

# ERISA LITIGATION GROUP

the benefit of a class of businesses which purchased food flavor enhancers from suppliers in the U.S., Japan, Korea, and Taiwan. Businesses which participated in the recovery received nearly 200% of the amounts they were overcharged.

*In re Microsoft Corp. Antitrust Litigation*, No. MDL 1332 (D. Md.). Keller Rohrback served on the Executive Committee of Plaintiffs' counsel in this class action challenging Microsoft's monopolistic practices. A class of direct purchasers of operating system software achieved a settlement of $10.5 million in the United States District Court for the District of Maryland.

*In re Phillip Morris Securities Litigation*, No. 94 Civ. 1494 (TCP) (E.D.N.Y.). This shareholder derivative class action alleged misrepresentations regarding various inventory and trade loading practices used to distort the timing of sales. The Plaintiff class in this and a related case received in excess of $100 million in settlement.

*Salloway v. Malt-O-Meal Company*, No. PI-98-008931 (State of Minnesota, Hennepin County District Court). This nationwide product liability class action was brought on behalf of all people who consumed Defendant's salmonella-contaminated cereal. Plaintiffs negotiated a successful settlement.

*Wholesale Vitamins Price Fixing*, Case No. 00-631-CIV (S.D. Fla.). Keller Rohrback played an extensive role in trial preparation in this case, one of the largest and most successful antitrust cases in history. Chief Judge Thomas Hogan of the United States District Court for the District of Columbia certified two classes of businesses who directly purchased bulk vitamins and were overcharged as a result of a ten year global price-fixing and market allocation conspiracy. Through settlement and verdict, recoveries were achieved, including four major settlements between certain vitamin Defendants and Class Plaintiffs. One landmark partial settlement totaled $1.1 billion.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com          www.SeattleClassAction.com





**KELLER·ROHRBACK**
L A W   O F F I C E S

# BIOGRAPHIES

## *Lynn Lincoln Sarko*



Lynn Lincoln Sarko has been the managing partner of Keller Rohrback L.L.P. since 1991, where he leads the firm's nationally recognized Complex Litigation Group. An accomplished trial lawyer, he regularly serves as lead counsel in multi-party and class action lawsuits involving ERISA, employee benefits, antitrust, and securities fraud claims. Mr. Sarko first came to Seattle for a federal clerkship and returned after serving as an Assistant U.S. Attorney for the District of Columbia. He has been appointed lead or co-lead counsel in some of the most important ERISA company stock cases, including *Enron*, *WorldCom*, and *Global Crossing*. Additionally, Mr. Sarko serves or has served as lead or co-lead counsel in numerous other ERISA 401(k) plan, ESOP, and cash balance cases, such as *American International Group, Inc., Countrywide Financial Corp., Dell Inc., Delphi Corp., Ford Motor Co., Fremont General Corp., Goodyear Tire & Rubber Co., ING, JPMorgan Chase & Co., Marsh & McLennan Cos., Inc., Merck & Co., Inc., Merrill Lynch & Co., Inc., Pfizer, Inc., Southern Co., State Street Bank & Trust Co., Wal-Mart Stores, Inc., Xerox Corp., BellSouth, Dynegy, Inc., HealthSouth, Household International, Lucent Technologies, Inc., Mirant Corp., Polaroid, Williams Cos., Inc.,* and *Visteon*.

Mr. Sarko's ERISA practice focuses on prosecuting matters raising sophisticated ESOP and 401(k) plan issues, including ERISA preemption, fiduciary breaches, imprudent investment of plan assets, blackout period and mapping violations, plan asset diversification, prohibited transactions, directed trustee duties, and ERISA § 404 (c) defenses. He regularly appears in federal courts across the country, maintaining an active national ERISA litigation practice.

In addition to his ERISA work, Mr. Sarko has prosecuted a variety of class action lawsuits involving high profile matters including the Exxon Valdez oil spill, Microsoft civil antitrust case, and Fen-Phen/Redux diet drug litigation, as well as notable civil rights cases such as *Erickson v. Bartell Drug Co.*, establishing a woman's right to prescription contraceptive health coverage. Additionally, Mr. Sarko has litigated numerous complex cases involving financial and accounting fraud, which have included some of the nation's largest accounting and investment firms.

Mr. Sarko received his undergraduate, business, and law degrees from the University of Wisconsin, where he served as the editor-in-chief of the law review and was selected by the faculty as the outstanding graduate of his law school class. Mr. Sarko is a featured speaker at many continuing education seminars and conferences nationwide.

*All other bios listed alphabetically*

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

www.ERISAfraud.com          www.SeattleClassAction.com



 **KELLER·ROHRBACK** LAW OFFICES    **BIOGRAPHIES**

## Laurie Ashton



Laurie Ashton is a member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Her practice emphasizes bankruptcy, commercial, ERISA, and environmental litigation. Ms. Ashton has been very active in the Arizona State Bar, having served on the Ethics Committee for six years, and frequently lectures on bankruptcy issues and other matters. Additionally, Ms. Ashton has taught semester courses in Advanced Chapter 11 Bankruptcy and Lawyering Theory and Practice at the ASU College of Law, and for several years running, has been a guest lecturer on Chapter 11 at Harvard Law School. She is the co-author of *Arizona Legal Forms: Limited Liability Companies and Partnerships*, 1996-2002. Following law school Ms. Ashton served as law clerk for the Honorable Charles G. Case, U.S. Bankruptcy Court, for the District of Arizona for two years. Ms. Ashton graduated from Arizona State University College of Law, where she has twice returned as an Adjunct Professor to teach semester courses in Lawyering Theory and Practice and Advanced Chapter 11. Ms. Ashton is admitted to practice in Arizona and Colorado.

## Gretchen Freeman Cappio



Gretchen Freeman Cappio is a member of Keller Rohrback's Complex Litigation Group practicing in the areas of class action & complex litigation, consumer protection, and employment litigation. She and her co-counsel have represented the plaintiff class in several cutting-edge complex cases, including *Erickson v. Bartell Drug Co.*, 141 F. Supp. 2d 1266 (W.D. Wash. 2001), in which the Honorable Robert S. Lasnik ruled that an employer violated Title VII of the Civil Rights Act when its coverage failed to cover prescription contraceptives on an equal basis as other prescription drugs. Ms. Cappio graduated from the University of Washington School of Law where she served as the Executive Comments Editor of *The Pacific Rim Law & Policy Journal*. She earned her B.A. degree *magna cum laude* from Dartmouth College, where she graduated Phi Beta Kappa and with honors in Religion. Ms. Cappio is an active member of the Washington State Bar Association. Ms. Cappio serves as a pro bono attorney for the Northwest Immigrant Rights Project, and represents immigrant survivors of domestic violence.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016
Telephone: (212) 878-8890
Facsimile: (212) 878-8895

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

**KR** 2

www.ERISAfraud.com    www.SeattleClassAction.com



**KELLER·ROHRBACK**
L A W   O F F I C E S

## BIOGRAPHIES

### *T. David Copley*



T. David Copley's practice is focused on class action and other complex litigation, including mass tort, antitrust, breach of fiduciary duty, securities, employment and consumer protection cases. Mr. Copley was one of those named 1995 Trial Lawyer of the Year for his successful work in the Exxon Valdez Oil Spill Litigation. He graduated from Northwestern University School of Law, where he served as an editor of the *Northwestern University Law Review*. He earned his B.A. at the University of Iowa, taking his degree with Distinction and Honors in Political Science and English and as a member of Phi Beta Kappa. Mr. Copley is admitted to practice in the states of Washington and Arizona, in the United States District Courts of Western Washington, Eastern Washington, Arizona, the Northern District of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

### *Shane P. Cramer*



Shane Cramer's practice focuses primarily on ERISA, securities fraud, and shareholder derivative litigation. Shane graduated from the University of Washington School of Law in 2003. He received his B.A. in Society & Justice and Sociology from the University of Washington in 2001, and is a member of Phi Beta Kappa. While at the University of Washington, Shane served as an extern at the United States Attorney's Office for the Western District of Washington and at the Environmental Protection Agency. He is admitted to practice in Washington and Arizona, and earned the second highest score out of 743 applicants on the July 2004 Arizona bar examination.

Keller Rohrback L.L.P. Seattle, WA          Keller Rohrback L.L.P. New York, NY          Keller Rohrback P.L.C. Phoenix, AZ
1201 Third Avenue, Suite 3200               275 Madison Avenue, Suite 1425               3101 North Central Avenue, Suite 1400
Seattle, Washington 98101-3052              New York, New York 10016                     Phoenix, Arizona 85012

www.ERISAfraud.com                                              www.SeattleClassAction.com



   **BIOGRAPHIES**

## Juli E. Farris

Juli Farris focuses on securities fraud, breach of fiduciary duty, and antitrust litigation in state and federal courts. She has made significant contributions in cases such as *In Re Catfish Antitrust Litigation*, *IKON Securities Litigation*, *Anicom Securities Litigation*, *United Companies Securities Litigation*, *In re Worldcom ERISA Litigation*, and most recently, stock option backdating cases against companies such as Apple Computer Inc., Zoran Corporation, and others. Prior to joining Keller Rohrback in 1991, Ms. Farris clerked for Judge E. Grady Jolly of the Fifth Circuit of the United States Court of Appeals and practiced law at the Washington, D.C. office of Sidley & Austin (now Sidley, Austin, Brown & Wood). She earned her B.A. in English and J.D. from Stanford University, where she was a Note Editor of the *Stanford Law Review*. Ms. Farris is admitted to practice in the state and federal courts in Washington, California, and the District of Columbia.



## Raymond J. Farrow

Ray Farrow's practice focuses on complex litigation with an emphasis on antitrust, securities law, and ERISA litigation. Mr. Farrow graduated with high honors from the University of Washington School of Law where he was Articles Editor of the *Washington Law Review*. Prior to law school, Mr. Farrow was a member of the Economics faculty at Seattle University, the University of Washington, and Queen's University in Canada. He earned his B.A. in Economics from the University of Manchester in the U.K. and M.A. degrees in Economics from the University of Essex (U.K.) and Princeton University. Mr. Farrow is licensed to practice in Washington State.



Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com



 

# BIOGRAPHIES

## Laura R. Gerber

Laura R. Gerber's practice focuses on complex litigation with an emphasis on ERISA litigation, breach of fiduciary duty, and excessive fee litigation. Prior to joining the firm, she was a consulting attorney on land reform projects in foreign countries. Ms. Gerber graduated from the University of Washington School of Law. While in law school, she concurrently received an M.P.A. degree from the Daniel J. Evans School of Public Affairs at the University of Washington and was a member of the Moot Court Honor Board. She received her B.A. in History and Economics from Goshen College. Ms. Gerber is licensed to practice in Washington.



## Gary Gotto

Gary Gotto is a member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Mr. Gotto currently serves in leadership positions in the *Enron ERISA Litigation*, *CMS Energy Corp. ERISA Litigation*, *Dynegy ERISA Litigation*, *Global Crossing ERISA Litigation*, and the *WorldCom ERISA Litigation* and has held leadership and management positions in both *Whetman v. IKON Office Solutions, Inc. Securities and ERISA Litigation*. In addition to his ERISA 401(k) class action expertise, Mr. Gotto has expertise in complex Chapter 11 bankruptcy litigation and issues, which has proved invaluable in cases in which defendants in ERISA 401(k) litigation are also debtors in bankruptcy, including the *Enron ERISA Litigation*, *WorldCom ERISA Litigation*, and *Global Crossing, Ltd. ERISA Litigation*. He



chaired the Arizona State Bar Subcommittee on Revising the Limited Partnership Act and co-authored *Arizona Legal Forms: Limited Liability Companies and Partnerships*. Mr. Gotto speaks and teaches regularly on a number of topics, including an annual real estate bankruptcy case study presented at Harvard Law School. He earned his J.D. from Arizona State University *summa cum laude*, where he was a member of the Order of the Coif. and the Special Projects Editor of the *Arizona State Law Journal*. Mr. Gotto received his B.A. from the University of Pennsylvania *cum laude*. He is admitted to practice in the state of Arizona.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com





# BIOGRAPHIES

## *Gary D. Greenwald*



Gary Greenwald practiced in Columbus, Ohio from 1975 through 2006 where he was the senior litigation partner for the firms of Schottenstein, Zox, & Dunn and Shayne & Greenwald. He has a broad range of experience as a commercial litigator, having tried more than 200 cases in the federal and state courts across the United States. His trial experience includes securities litigation, ERISA breach of fiduciary duty claims, trademark litigation, trade secrecy claims, professional malpractice, and a wide range of contract and real estate disputes. He spent five years as an Adjunct Professor of Trial Practice at the Ohio State University College of Law and has been a frequent speaker on the subject of Employee Stock Ownership Plans ("ESOPs"). He received his B.A. from Miami University and his J.D. from Ohio State University College of Law.

## *Amy N. L. Hanson*



Amy N. L. Hanson's practice is focused on class action and other complex litigation, including products liability, breach of fiduciary duty, consumer protection, antitrust, and employment protection cases. Ms. Hanson has successfully represented plaintiff classes and individuals on a variety of issues in both state and federal courts, including *Rozema v. Marshfield Clinic,* 977 F. Supp. 1362 (W.D. Wis. 1997) (class action antitrust)*; Wright v. Jeckle,* 104 Wn. App. 478, 16 P.3d 1268 (2001)(class action consumer protection and breach of fiduciary duty), *rev. denied* 144 Wn.2d 1011, 31 P.3d 1185 (2001), *subsequent appeal,* 121 Wn. App. 624, 90 P.3d (2004); *In re CMS Energy ERISA Litig.,* 225 F.R.D. 539 (E.D. Mich. 2004) (class action breach of fiduciary duty)*; and Shaffer v. McFadden,* 155 Wn.2d 1010, 122 P.3d 912, *rev. denied* 155 Wn.2d 1010; 122 P.3d 912 (2005) (jurisdictional and forum selection clause issues).

Ms. Hanson earned her J.D. from the University of Wisconsin, where she began litigating her first class action antitrust case as a 2L with Keller Rohrback L.L.P. through the law school's Consumer Litigation Clinic. She earned her B.A. degree *summa cum laude* in Economics and Political Science from the University of Minnesota. She is licensed to practice in Washington and Wisconsin and in the United States District Court of Western Washington, Eastern Washington, Eastern Michigan, and the Court of Appeals for the Ninth Circuit.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com



 

# BIOGRAPHIES

## Ron Kilgard

Ron Kilgard is of member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Most notable among the many cases he has litigated is the *Whetman v. IKON Office Solutions, Inc. ERISA Litigation*, MDL No. 1318 (E.D. Pa.), in which Mr. Kilgard served as one of the lead attorneys. The *IKON ERISA Litigation* was one of the leading ERISA 401(k) breach of fiduciary duty class actions in the country, providing landmark published decisions on class certification and other central issues pertaining to ERISA 401(k) breach of fiduciary duty class action litigation. The ERISA issues in the *IKON Securities Litigation*, which were actively litigated for more than three years in the United States District Court for the Eastern District of Pennsylvania, were fundamentally the  same as those presented in subsequent ERISA 401(k) litigation against IKON, involving the alleged imprudence of investments in employer securities in the same company's 401(k) plan and materially misleading communications with plan participants related thereto. Mr. Kilgard currently serves in leadership positions in the *Enron ERISA Litigation* and *BellSouth ERISA Litigation*. In addition to his ERISA 401(k) class action expertise, Mr. Kilgard has expertise in complex Chapter 11 bankruptcy litigation and issues, which has proved invaluable in ERISA cases in which defendants also are debtors in bankruptcy.

Mr. Kilgard is a Phoenix native. He received an undergraduate degree from Harvard College and a Master's degree from Harvard Divinity School, concentrating in Hebrew Bible and other ancient Near Eastern languages and literatures (Babylonian-Assyrian, Egyptian, etc.), before returning home to Arizona for law school. Mr. Kilgard graduated from Arizona State as the Editor-In-Chief of the law review and was selected by faculty as the outstanding graduate of his class. Upon earning his law degree, Mr. Kilgard clerked for the Hon. Mary Schroeder on the Ninth Circuit Court of Appeals before entering private practice. In over twenty years of practice, Mr. Kilgard has litigated a broad array of commercial and personal injury/wrongful death cases for both plaintiffs and defendants, including construction cases for Bechtel Corporation, personal injury/ wrongful death cases involving AIDS-tainted blood, insurance bad faith cases, and insurance receivership cases. Mr. Kilgard is asked by courts to serve as a special master in complex or contentious cases requiring individualized management. In recent years he has been extensively involved in litigating ERISA breach of fiduciary duty class action cases, especially those involving issues of company stock. Mr. Kilgard is a frequent speaker at seminars, both for lawyers and judges.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012

www.ERISAfraud.com

www.SeattleClassAction.com



  **BIOGRAPHIES**

## Sarah H. Kimberly

Sarah Kimberly's practice focuses on ERISA litigation. She is actively involved in *Alvidres v. Countrywide*, *In re Beazer Homes USA, Inc. ERISA Litigation*, and *In re Fremont General Corp. Litigation*. Ms. Kimberly graduated from The George Washington University Law School in 2007. During law school, she was a legal fellow in a community legal clinic where she represented one client in family court and another client before the Social Security Administration. Additionally, she worked as a law clerk in the National Security Section of the United States Attorney's Office for the District of Columbia. Prior to law school, Sarah worked as an editor at a major publishing company in Boston. She earned her B.A. in Art History from Dartmouth College, and is admitted to practice in Washington State and the Western District of



Washington. Ms. Kimberly is also a member of the King County and American Bar Associations.

## Cari Campen Laufenberg

Cari Campen Laufenberg's practice focuses on complex litigation with an emphasis on ERISA litigation. She has made significant contributions in cases such as *In re Williams Cos. ERISA Litigation*, *In re HealthSouth Corp. ERISA Litigation*, *Woods v. Southern Co.*, *In re Goodyear Tire & Rubber Co. ERISA Litigation* and *In re Marsh ERISA Litigation*. Ms. Laufenberg earned a J.D. and Masters of Public Administration from the University of Washington. During law school, she served as a judicial extern for United States District Court Judge Barbara Jacobs Rothstein. She received her B.A. from the University of California, San Diego in Art History and Criticism. Ms. Laufenberg is admitted to practice in Washington, the United States District Courts for the Western and Eastern Districts of Washington and is a



member of the King County Bar Association, the American Bar Association, American Association for Justice and Washington Women Lawyers.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com



 

# BIOGRAPHIES

## *Elizabeth A. Leland*

Beth Leland's practice focuses on ERISA and securities fraud litigation. She is actively involved in, among other cases, the *Apple Computer Shareholder Derivative Litigation*, *Hansen Natural Corporation Derivative Litigation*, *Scientific-Atlanta Securities Litigation*, and the *Xerox ERISA Litigation*. Ms. Leland has made significant contributions in ERISA and securities cases such as the *Anicom Securities Litigation*, *BellSouth ERISA Litigation, Dynegy ERISA Litigation*, *IKON Securities Litigation, United Companies Securities Litigation*, and the *Visteon ERISA Litigation*. She is an active member of the King County, Washington State, and American Bar Associations, including the American Bar Association's Section of Labor & Employment Law. She earned her B.A. in Business Administration with concentrations in Finance and  Business Economics from the University of Washington and graduated *cum laude* from the University of Puget Sound School of Law. Ms. Leland is admitted to practice in Washington State and Federal Courts, as well as the Ninth and other Circuits across the country.

Keller Rohrback L.L.P. Seattle, WA          Keller Rohrback L.L.P. New York, NY          Keller Rohrback P.L.C. Phoenix, AZ
1201 Third Avenue, Suite 3200               275 Madison Avenue, Suite 1425               3101 North Central Avenue, Suite 1400
Seattle, Washington 98101-3052             New York, New York 10016                     Phoenix, Arizona 85012

www.ERISAfraud.com                                                                      www.SeattleClassAction.com



 

# BIOGRAPHIES

## *Tana Lin*

Tana Lin's practice focuses on employment and ERISA litigation. Prior to joining Keller Rohrback's Complex Litigation Group, Ms. Lin practiced as a civil rights attorney and criminal defense lawyer. She began her legal career as a trial attorney with the Public Defender Service for the District of Columbia. She later became a senior trial attorney with the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice and, subsequently, the Chicago District Office of the United States Equal Employment Opportunity Commission. Ms. Lin has prosecuted employment discrimination cases against governmental entities such as the Louisiana State Police and private corporations such as Wal-Mart. Ms. Lin was also the litigation coordinator for the Michigan Poverty Law Program  where she developed and implemented impact projects to address systemic problems affecting the poor on issues such as access to public benefits and appropriate educational services. She also served as a co-mediator for federal agency employee disputes through the Interagency Project on Sharing Neutrals. Ms. Lin received her A.B. with Distinction in Government from Cornell University; she earned her J.D. from New York University School of Law, where she was a Root-Tilden-Snow Scholar. She is admitted to practice in the District of Columbia, Illinois, Michigan, and Washington.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com



  **BIOGRAPHIES**

### Derek W. Loeser



Derek Loeser is a partner in the firm's Complex Litigation Group. His practice focuses on ERISA class action cases, and he serves as one of the lead counsel in many of the firm's nationally prominent ERISA breach of fiduciary duty class actions. His efforts have contributed to a numerous favorable published decisions and substantial recoveries on behalf of the firm's clients. In addition to his work on cases that have been resolved, including Enron and WorldCom, Mr. Loeser currently is serving in a leadership capacity in several cases, including cases against *AIG, Fremont, Ford,* and *JP Morgan/Chase*. Mr. Loeser is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff attorney, and is a frequent speaker at national ERISA conferences. Before joining Keller Rohrback in 2002, he clerked for the Hon. Michael R. Hogan, United States District Court, District of Oregon, and was a trial attorney in the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice in Washington, D.C. Mr. Loeser obtained his B.A. from Middlebury College, where he graduated summa cum laude, with highest departmental honors, and as a member of Phi Beta Kappa. He graduated with honors from the University of Washington School of Law. Mr. Loeser was named in 2007 as a "Super Lawyer" among civil litigators and recognized in 2005 and 2006 as a "Rising Star" by *Washington Law and Politics* magazine in its annual review of the State's legal profession.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012

www.ERISAfraud.com        www.SeattleClassAction.com



 

# BIOGRAPHIES

## Gretchen S. Obrist



Prior to joining Keller Rohrback, Gretchen Obrist worked for two years as a law clerk to the Hon. John C. Coughenour, United States District Judge for the Western District of Washington in Seattle, where she worked on civil and criminal matters ranging from commercial litigation to employment, civil rights, and constitutional cases to antitrust and securities fraud actions. Ms. Obrist received both her B.S. and her J.D. from the University of Nebraska—Lincoln. She graduated from law school Order of the Coif and was the Editor-in-Chief of the *Nebraska Law Review*. During law school, Ms. Obrist worked at a public defender's office, where she represented clients before the county mental health board and worked on felony proceedings and appeals. She also conducted law and policy analysis and drafted proposed legislation for the Nebraska Domestic Violence Sexual Assault Coalition. Prior to law school, Ms. Obrist worked on legal issues generated by welfare reform at the Nebraska Appleseed Center for Law in the Public Interest, where she assisted project attorneys with individual and class litigation, prepared and delivered testimony to the state legislature, developed educational materials for both welfare clients and the advocacy community, and worked toward system responsiveness to the intersection between poverty and intimate partner violence. Ms. Obrist is licensed to practice in Washington State and is a member of the King County Bar Association, the American Bar Association, and the American Constitution Society.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com



 **KELLER·ROHRBACK**
L A W   O F F I C E S

# BIOGRAPHIES

## *David S. Preminger*



David Preminger is a partner in the firm's Complex Litigation Group. His practice focuses on ERISA class action cases as well as individual benefit claims. He has been the lead counsel or co-counsel on numerous ERISA class action, breach of fiduciary duty cases with multi-million dollar settlements. While perhaps divulging too much, Mr. Preminger has been litigating ERISA cases on behalf of employees and retirees since the Act's passage in 1974. He also has extensive experience litigating anti-trust, real estate and general commercial and corporate matters. Mr. Preminger speaks frequently on issues concerning employee benefits litigation and is the co-chair of the Fiduciary Responsibility Subcommittee of the Labor and Employment Section of the American Bar Association and was previously the co-chair of the Subcommittee on ERISA Preemption and the Subcommittee on ERISA Reporting and Disclosure. Mr. Preminger has also served on the Employee Benefits Committee of the Association of the Bar of the City of New York and on that Association Committee on Legal Problems of the Elderly of which he was the chair of the Subcommittee on Pension and Welfare Benefit Plans. Mr. Preminger is also an editor of *Employee Benefits Law* (BNA), a widely used treatise on the subject, and has written law review articles on topics concerning ERISA as well. Mr. Preminger is also a charter member of the American College of Employee Benefits Counsel. Criteria for membership include at least 20 years of employee benefit experience including significant writing, lecturing and public service and recognition of the member by his or her peers for expertise in the field and intellectual excellence.

Prior to joining Keller Rohrback, Mr. Preminger was a partner at Rosen Preminger & Bloom LLP where his practice concentrated on ERISA litigation. Mr. Preminger was previously a Supervisory Trial Attorney for the Equal Employment Opportunity Commission, a Senior Attorney with Legal Services for the Elderly Poor and a Reginald Heber Smith Fellow with Brooklyn Legal Services.

**Education and Admissions**

Mr. Preminger received his B.A. degree in mathematics from Rutgers University in New Brunswick, NJ, and his law degree at New York University School of Law where he was a member of the *Journal of International Law & Politics*. He is admitted to the bar of the State of New York State and to the United States Supreme Court, the United States Courts of Appeal for the Second, Seventh, Ninth and District of Columbia Circuits, and the United States District Courts for the Southern, Eastern, Western and Northern Districts of New York.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012

www.ERISAfraud.com

www.SeattleClassAction.com



  **BIOGRAPHIES**

## Erin M. Riley



Erin Riley's practice focuses on ERISA and breach of fiduciary duty litigation. Ms. Riley graduated *cum laude* from the University of Wisconsin School of Law, where she was a managing editor of the *Wisconsin Law Review*. She received her B.A. in French and History from Gonzaga University, where she graduated *cum laude*. Ms. Riley is licensed to practice in both Washington and Wisconsin, and is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff Attorney.

## Karin B. Swope



Karin Swope practices in the firm's nationally recognized complex litigation group. Prior to joining the firm, Karin litigated complex commercial cases, primarily in the areas of intellectual property, and commercial disputes. She also has significant experience in responding to government enforcement activities, including white collar criminal prosecutions, federal civil enforcement actions, and government investigations, and has counseled clients on internal corporate investigations. She clerked for the Hon. John C. Coughenour, United States District Court, District of Western Washington, and for the Hon. Robert E. Cowen, United States Court of Appeals for the Third Circuit. She earned her B.A. in English and Political Science from Amherst College and her J.D. from Columbia University School of Law , where she was Executive Articles Editor for the *Columbia Human Rights Law Review.*

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com



   **BIOGRAPHIES**

## *Britt L. Tinglum*

Britt Tinglum is a partner at Keller Rohrback L.L.P. and has held a leadership role in several nation-wide class actions, including *In re Enron ERISA Litigation*, *In re Ikon Office Solutions*, *Inc.* and *Lucent Technologies, Inc. ERISA Litigation*, in which her firm was appointed co-lead counsel. Ms. Tinglum is also actively engaged in the prosecution of a variety of other complex class actions, including antitrust and consumer fraud and accounting fraud. She received both her undergraduate and J.D. from the University of Wisconsin.



## *Margaret E. Wetherald*

Margie Wetherald is a partner of Keller Rohrback L.L.P. and serves on the firm's executive committee. Throughout her practice, Ms. Wetherald has handled complex litigation in multiple state and federal jurisdictions with a concentration on commercial insurance coverage, breach of fiduciary duty, and class action litigation. Ms. Wetherald has also handled mass tort litigation involving transmission of AIDS to hemophiliacs through blood products, exposure to contaminated groundwater and hepatitis. She received her undergraduate degree from Mount Holyoke College *cum laude* and as a member of Phi Beta Kappa. She graduated from Cornell Law School. Ms. Wetherald taught at the Columbus School of Law at Catholic University in Washington, D.C. from 1983 to 1985. Ms. Wetherald has practiced in Seattle since 1985 with two



years in Washington, D.C. from 1992–1994. She is admitted to practice in the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, the United States District Courts for Eastern and Western Washington and in the State Courts in Washington and Oregon.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com



  **BIOGRAPHIES**

## Julie L. Wilchins

Julie Wilchins practices in the firm's nationally recognized complex litigation group. Her practice focuses on class action ERISA and antitrust litigation. Prior to joining the firm, Julie litigated civil rights and discrimination cases on behalf of individuals with disabilities. She has also successfully litigated commercial, tort, and environmental matters before trial and appellate courts.



Ms. Wilchins attended Harvard University where she received her B.A., magna cum laude, in 1994. She received her J.D. from the University of Virginia in 1998.

## Amy Williams-Derry

Amy Williams-Derry joined Keller Rohrback's Complex Litigation Group in 2005 with an extensive background in federal court and commercial litigation. Ms. Williams-Derry has litigated complex securities, class action, employment, intellectual property, consumer, real property, corporate, and environmental disputes. She has litigated cases at both the trial and appellate levels, and has successfully represented clients in mediation and arbitration settings, including before the National Labor Relations Board, National Association of Securities Dealers, and New York Stock Exchange. She has also served as lead or co-lead counsel in a number of high-profile ERISA actions, including the *In re Polaroid ERISA Litigation*, *In re JP Morgan Chase Cash Balance Litigation*, and *In re Delphi Securities and ERISA Litigation*. For the past



five years, Ms. Williams-Derry has been voted a "Rising Star" among civil litigators by Washington Law and Politics magazine in its annual review of the State's legal profession.

Ms. Williams-Derry attended Brown University, where she received her A.B., with honors, in 1993. She received her J.D. from the University of Virginia School of Law in 1998, where she was the Editor-in-Chief of the *Virginia Environmental Law Journal*.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
www.ERISAfraud.com

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
www.SeattleClassAction.com



 

# BIOGRAPHIES

**Additional Keller Rohrback attorneys working with the ERISA Litigation Group:**

**Corporate**

Stephen R. Boatwright*

Alicia M. Corbett*

Daniel S. Friedberg

Glen P. Garrison

Scott C. Henderson

Lorraine Lewis Phillips

Robert S. Over

Thomas A. Sterken

Ryan J. Straus

Benson D. Wong

**Banking**

Stephen R. Boatwright*

Alicia Corbett*

Daniel S. Friedberg

Glen P. Garrison

Thomas A. Sterken

Ryan J. Straus

**Bankruptcy**

John T. Mellen

Amy Phillips

Frederick W. Schoepflin

**Securities**

Stephen R. Boatwright*

John H. Bright

Alicia M. Corbett*

Rob J. Crichton

Juli E. Farris

Glen P. Garrison

Mark A. Griffin

Robert S. Over

Erin M. Riley

William C. Smart

Ryan J. Straus

Michael D. Woerner

**Contracts**

Rob J. Crichton

Mark A. Griffin

Benjamin J. Lantz

John T. Mellen

Amy Phillips

David J. Russell

Mark D. Samson*

Frederick W. Schoepflin

William C. Smart

Laurence R. Weatherly

**Employment Law**

Ian S. Birk

Rob J. Crichton

Michelle González

Benjamin J. Lantz

William C. Smart

Laurence R. Weatherly

Benson D. Wong

**Insurance Coverage**

Jason P. Chukas

Chloethiel W. DeWeese

Maureen M. Falecki

Irene M. Hecht

David J. Russell

Margaret E. Wetherald

**Professional Malpractice**

John Mellen

Laurence R. Weatherly

*Admitted to practice in the State of Arizona only.

Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

Keller Rohrback L.L.P. New York, NY
275 Madison Avenue, Suite 1425
New York, New York 10016

Keller Rohrback P.L.C. Phoenix, AZ
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012

www.ERISAfraud.com     www.SeattleClassAction.com

