UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN RE WACHOVIA CORPORATION ERISA LITIGATION | MASTER FILE: 08 Civ. 5320 (NRB) |
|---|---|
| THIS DOCUMENT RELATES TO:<br>   All Actions | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF TODD A. WRIGHT'S MOTION TO APPOINT INTERIM LEAD PLAINTIFFS, INTERIM LEAD COUNSEL AND FOR ENTRY OF PRETRIAL ORDER NO. 1**

**Table of Contents**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND...................................................................................................................2

III. DISCUSSION ......................................................................................................................3

    A.    Proposed Interim Lead Plaintiffs. ...............................................................................4

    B.    Establishment of a Leadership Structure. ..................................................................4

        1.    Proposed Interim Lead Counsel..................................................................5

        2.    Proposed Interim Lead Counsel is Best Qualified Under the Relevant Standards to Represent the Putative Class....................................5

            a.    Counsel for Plaintiff Wright has demonstrated a commitment to identifying and investigating potential claims in this action. ........................................................6

            b.    Counsel for Plaintiff Wright has experience in class actions and other complex litigation, has experience in litigating the claims asserted in this case, and has knowledge of the law applicable in this case..................................7

                (i)    Lynn L. Sarko ................................................................. 11
                (ii)    Derek W. Loeser ............................................................ 12
                (iii)   David S. Preminger .......................................................... 13

            c.    Counsel for Plaintiff Wright has the Resources Necessary to Represent the Class. .................................................14

            d.    Plaintiffs Wright, Tuttle and Kelley support the appointment of Keller Rohrback L.L.P. as Interim Lead Counsel ...........................................................................................15

IV. CONCLUSION..................................................................................................................15

Plaintiff Todd A. Wright submits this Memorandum of Law in Support of his Motion for Appointment of Interim Lead Plaintiffs, Interim Lead Counsel and for Entry of Pretrial Order No. 1.

## I. INTRODUCTION

Plaintiff Wright filed an action against the fiduciaries of the Wachovia Savings Plan (the "Plan"), a retirement plan established and sponsored by Wachovia Corp. ("Wachovia" or the "Company") as a benefit for its employees. The *Wright* action was consolidated with five other related ERISA actions on August 13, 2008.[1] The Consolidated Action seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended.

Plaintiff Wright respectfully requests that he, along with plaintiffs Denise A. Tuttle and Jerry Kelley, be appointed Interim Lead Plaintiffs, that Keller Rohrback L.L.P. ("Keller Rohrback") be appointed Interim Lead Counsel in the Consolidated Action and that the Court enter Plaintiff Wright's proposed Pretrial Order No. 1.

The interests of the current and former participants in the Plan would be best served by the Court's appointment of Keller Rohrback as Interim Lead Counsel. Keller Rohrback is a pioneer and national leader in the precise type of ERISA class action litigation presented here, and possesses both the expertise and experience that is necessary to litigate this matter forcefully, effectively, and efficiently. Keller Rohrback serves or has served as lead or co-lead counsel in numerous similar ERISA class actions, such as *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.), as well as several leading cases in the Southern District of New York, including: *In*

---

[1] The Court consolidated the following related ERISA cases: *Hansen v. Wachovia Corp., et al.,* No. 08-5320 (NRB), filed June 10, 2008; *Wright v. Wachovia Corp., et al.,* No. 08-5324 (NRB), filed June 11, 2008; *Tuttle v. Wachovia Corp., et al.,* No. 08-5578 (NRB), filed June 20, 2008; *Cominsky v. Wachovia Corp., et al.*, No. 08-5990 (NRB), filed July 1, 2008; *Willard v. Wachovia Corp., et al.,* No. 08-6196 (NRB), filed July 08, 2008; and *Kelley v. Wachovia Corp., et al.,* No. 08-6623 (NRB), filed July 25, 2008. These actions are collectively referred to hereinafter as the "Consolidated Action".

re WorldCom, Inc. ERISA Litig., No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.) (J. Pauley); *In re Marsh ERISA Litig.*, No. 04-cv-8157 (S.D.N.Y) (J. Kram); *In re Pfizer Inc. ERISA Litig.*, No. 04-10071 (S.D.N.Y.) (J. Owen); *In re AIG ERISA Litig.,* No. 04- 8141 (S.D.N.Y.) (J. Sprizzo);[2] and *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.,* No. 07-9633 (S.D.N.Y.) (J. Sand), as well as numerous others throughout the country.

Keller Rohrback is involved in a leadership capacity in several ERISA class actions involving the subprime industry, and asset-backed and mortgage-backed securities, including cases against: Merrill Lynch & Co., Inc.; Countrywide Financial Corp.; Washington Mutual Inc.; Fremont General Corp.; and Beazer Homes USA Inc., which could provide certain efficiencies in this case against Wachovia.

Keller Rohrback's ERISA experience and expertise is particularly important in this case as the Defendants in this matter have retained Proskauer Rose LLP, a law firm with substantial experience litigating ERISA matters. Given the caliber of defense counsel and the complex statutory framework and body of case law at hand, it is imperative that plaintiffs be represented by counsel with significant ERISA litigation experience.

Accordingly, Plaintiff Wright respectfully submits that it would be in the best interests of the proposed class of participants and beneficiaries of the Plan to appoint Keller Rohrback as Interim Lead Counsel.

## II. BACKGROUND

The plaintiffs in the Consolidated Action against the fiduciaries of the Plan allege that Defendants breached their duties of prudence and loyalty under ERISA by making and

---

[2] In the *AIG ERISA Litigation*, Keller Rohrback serves on a four firm "Provisional Committee."

maintaining enormous investments in Wachovia stock in the Plan despite the fact that Defendants knew or should have known that such investments were unduly risky and imprudent due to Company's serious mismanagement and perilous and improper business practices, including, among other practices: (a) the Company's reckless concentration on loan production in spite of the declining mortgage market; (b) the Company's failure to limit its exposures and risks especially with respect to the acquisition of Golden West Financial Corporation; (c) the Company's failure to accurately account for its high-risk mortgage and collateralized debt obligations ("CDO") holdings; and (d) Wachovia's repeated misrepresentations of the Company's true financial condition, all of which caused Wachovia's financial statements to be misleading and which artificially inflated the value of shares of Wachovia stock in the Plan. *Wright* Complaint ¶¶ 5, 63-103. These actions exposed the Plan to excessive risk, and created dire financial circumstances which rendered the stock an imprudent investment for the Plan. *Id*. ¶¶ 5, 63-113.

Based on publicly available information for the Plan, Plaintiff Wright estimates that Defendants' breaches of fiduciary duty have caused the Plan to lose over *1.2 **billion dollars*** of retirement savings. *Id*. ¶ 7. Accordingly, plaintiffs seek relief pursuant to sections 409 and 502(a)(2) & (3) of ERISA, 29 U.S.C. §§ 1109 & 1132(a)(2) & (3), on behalf of the Plan for losses sustained as a result of the Defendants' breaches of fiduciary duty.

### III. DISCUSSION

Plaintiff Wright has followed the guidance of the *Annotated Manual for Complex Litigation* (4th ed. 2008) (the "*Manual*") and submits for the Court's approval a proposed form of Order which: (1) appoints Interim Lead Plaintiffs; and (2) Appoints Interim Lead Counsel. Plaintiff Wright respectfully submits that because the proposed order will promote the orderly

and efficient conduct of this action, and is consistent with the recommendations of the *Manual*, the order should be entered.

**A.    Proposed Interim Lead Plaintiffs.[3]**

Proposed Interim Lead Plaintiffs were participants of the Plan during the Class Period. As such, a significant portion of their retirement savings in the Plan was invested in Wachovia stock as a result of the way the Plan was administered by its fiduciaries. Their investments have been decimated by the failure of fiduciaries of the Plan to prudently and loyally manage the Plan as required by ERISA. The Plan has over one hundred thousand participants or beneficiaries (*Wright* Complaint ¶ 212) and, on information and belief, several have suffered tremendous losses as a result of the imprudent actions and inactions of the Plan's fiduciaries regarding the Plan's investment in Wachovia stock. Plaintiffs Wright, Tuttle and Kelley seek appointment as Interim Lead Plaintiffs to represent the interests of all of the participants and beneficiaries of the Plan who suffered similar losses as is required in an action on behalf of a plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

**B.    Establishment of a Leadership Structure.**

The proposed Pretrial Order No. 1 implements the procedures suggested by the *Manual* for complex, multi-party cases such as this by designating Interim Lead Counsel for the plaintiffs and the proposed Class. *See Manual* § 10.22. Plaintiff Wright respectfully submits that such designation will promote the orderly progress of this litigation, and ensure that the plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

---

[3] The Amended Consolidated Order dated August 13, 2008, did not specify whether to include proposed interim lead plaintiffs in the motions for appointment of interim lead counsel. Plaintiffs Wright, Tuttle and Kelley seek appointment as Interim Lead Plaintiffs in order to assist proposed Interim Lead Counsel in guiding the litigation in the best interest of the proposed class, prior to certification, as the undersigned have found beneficial in numerous other ERISA class actions. *See, e.g.*, *In re Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D. Mich. 2006).

### 1. Proposed Interim Lead Counsel.

Plaintiff Wright proposes that Keller Rohrback serves as Interim Lead Counsel on behalf of the putative class pursuant to Fed. R. Civ. P. 23(g)(2). In addition, Mr. David S. Preminger, a partner in Keller Rorhback's New York office with extensive experience in ERISA litigation, would also serve as local and liaison counsel, avoiding the need for a second firm to perform that function.

Pursuant to this structure, Keller Rohrback would be charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the orders of the Court concerning the conduct of the litigation. Specifically, as suggested in the *Manual*, Keller Rohrback would be charged with the following duties:

> formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation . . . . in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Manual* § 10.221. Keller Rohrback would also be charged with responsibility for monitoring the time and expenses of all plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication.

### 2. Proposed Interim Lead Counsel is Best Qualified Under the Relevant Standards to Represent the Putative Class.

The proposed Pretrial Order No. 1 implements the procedures suggested by the *Manual* and codified in Fed. R. Civ. P. 23(g) by designating Interim Lead Counsel for plaintiffs. *See Manual* §§ 10.22, 40.22, relevant portions of which are attached as Exhibit 1 to the

accompanying declaration of Derek W. Loeser ("Loeser Decl."); Fed. R. Civ. P. 23(g).[4]  As stated in the *Manual,* in determining lead counsel, the court should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* at § 10.22.  Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties."  *Id.* at § 10.221.

> In appointing lead counsel, the court must consider the following four factors:
>
> - the work counsel has done in identifying or investigating potential claims in the action;
>
> - counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
>
> - counsel's knowledge of the applicable law; and
>
> - the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i).  Each of the factors supports the appointment of Keller Rohrback as Interim Lead Counsel in this case.

### a.  Counsel for Plaintiff Wright has demonstrated a commitment to identifying and investigating potential claims in this action.

With respect to the first 23(g) factor, counsel for Plaintiff Wright has already taken substantial steps in prosecuting this action.  To begin, prior to filing the complaint, counsel procured and reviewed numerous Plan-related documents and spoke with Plan participants in order to identify and investigate the claims in this case.  As a result, the complaint filed by Plaintiff Wright alleges in great detail Defendants' violations of ERISA and their failure to act

---

[4] As examples of the operation of these procedures, counsel herein also refer the Court to lead counsel appointment orders from other ERISA breach of fiduciary duty cases including: *In re Polaroid ERISA Litig.,* No. 04-8335 (S.D.N.Y. Mar. 5, 2004) and *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y. Nov. 18, 2002), attached to the Loeser Decl. as Exhibits 2 and 3.

appropriately with respect to the Plan and its participants. For example, the complaint details the nature and structure of the Plan (*Wright* Complaint ¶¶ 22-40), the fiduciary status of each Defendant *(Id*. ¶¶ 41-62), and clearly explicates Defendants' breaches, detailing how Defendants failed to carry out their duties as required by the law under ERISA (*Id*. ¶¶ 63-200). Moreover, since filing the *Wright* Complaint, counsel for Plaintiff Wright has: obtained Plan documents under ERISA § 104(b), 29 U.S.C. § 1024(b), despite defense counsels' initial opposition; opposed defense counsels' efforts to transfer the litigation from this court to the Western District of North Carolina; monitored potential and ongoing government investigations; and interviewed additional witnesses knowledgeable about the allegations in the complaint.

Based on the extensive experience that Keller Rohrback has in bringing and pursuing ERISA claims such as those asserted here against Wachovia and the Individual Defendants, counsel fully understand the substantial investment of time and resources necessary to properly pursue and lead the Wachovia case, and are committed to making the necessary investment in this case.

> **b. Counsel for Plaintiff Wright has experience in class actions and other complex litigation, has experience in litigating the claims asserted in this case, and has knowledge of the law applicable in this case.**

The second and third Rule 23(g) factors, generally considered the most important, demonstrate that Keller Rohrback is best qualified to serve as Interim Lead Counsel in this ERISA breach of fiduciary duty class action. *See, e.g.*, *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 361 (E.D.Mich. 2006) (appointing Keller Rohrback and another firm as co-lead counsel), citing *In re Terzaosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

- 7 -

Keller Rohrback is a national leader in ERISA class action litigation.[5] The firm serves or has served as lead and co-lead counsel in many of the most prominent ERISA class action cases, such as: *In re Enron Corp. ERISA Litigation*, No. 01-3913 (S.D. Tex.) (J. Harmon); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816 (S.D.N.Y.) (J. Cote); *In re Global Crossing ERISA Litig.*, No. 02-7453 (S.D.N.Y.) (J. Lynch); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.) (J. Pauley); *In re Marsh ERISA Litig.*, No. 04-cv-8157 (S.D.N.Y) (J. Kram); *In re Pfizer Inc. ERISA Litig.*, No. 04-10071 (S.D.N.Y.) (J. Owen); *In re AIG ERISA Litig.,* No. 04- 8141 (S.D.N.Y.) (J. Sprizzo);[6] and *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.,* No. 07-9633 (S.D.N.Y.) (J. Sand), as well as numerous others throughout the country.[7]

Keller Rohrback has pioneered and obtained ground-breaking opinions in the area of ERISA class action company stock cases, including the groundbreaking case *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.).[8] Indeed, the firm's work as lead counsel in ERISA cases

---

[5] To assist the Court with its evaluation of Keller Rohrback's qualifications, attached to the Loeser Decl. as Exhibit 4 is the resume for Keller Rohrback L.L.P.'s ERISA Group.

[6] In the *AIG ERISA* Litigation, Keller Rohrback serves on a four firm "Provisional Committee."

[7] Keller Rohrback served or serves in a leadership capacity in cases against the following companies: American Int'l Group, No. 04-9387 (S.D.N.Y.) (serving on a "Provisional Committee"); Beazer Homes USA, Inc., No. 07-00952 (N.D. Ga.); BellSouth Corp., No. 02-2440 (N.D. Ga.); CMS Energy, No. 02-72834 (E.D. Mich.); Dell, Inc., No. 06-758 (W.D. Tex.); Delphi Corp., No. 05-70882 (E.D. Mich.); Dynegy, Inc., No. 02-3076 (S.D. Tex.); Enron Corp., MDL No. 1446 (S.D. Tex.); Ford Motor Co., No. 06-11718 (E.D. Mich.); Fremont Gen. Corp., No. 07-2693 (C.D. Cal.); Global Crossing, Ltd., No. 02-7453 (S.D.N.Y.); Goodyear Tire & Rubber Co., No. 03-02182 (N.D. Ohio); HealthSouth Corp., No. 03-1700 (N.D. Ala.); Household Int'l, Inc., No. 02-7921 (N.D. Ill.); Krispy Kreme Doughnut Corp., No. 05-00187 (M.D.N.C.); Lucent Tech., Inc., No. 01-3491 (D.N.J.); Marsh & McLennan Cos. Inc., No. 04-8157 (S.D.N.Y.); Merck & Co., Inc., No. 05-01151 (D.N.J.); Merrill Lynch & Co., Inc., No. 07-9633 (S.D.N.Y.); Mirant Corp., No. 03-1027 (N.D. Ga.); Pfizer Inc., No. 04-10071 (S.D.N.Y.); Polaroid, No. 03-8335 (S.D.N.Y.); Providian Fin. Corp., No. 01-5027 (N.D. Cal.); Southern Co., No. 04-1912 (N.D. Ga.); Visteon Corp., No. 05-71205 (E.D. Mich.); Williams Cos., No. 02-153 (N.D. Okla.); WorldCom, Inc., No. 02-4816 (S.D.N.Y.); and Xerox Corp., No. 02-1138 (D. Conn.).

[8] Some of the many examples of class action ERISA cases involving Keller Rohrback that have survived motions to dismiss include: *Whetman v. IKON*, 86 F. Supp. 2d 481 (E.D. Pa. 2000); *In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003); *In re Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328 (N. D. Okla. 2003); *Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004); *Cokenour v. Household Int'l, Inc.*, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004); *In re CMS ERISA Litig.*, 312 F. Supp. 2d 898 (E.D. Mich. 2004); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. Mar. 31, 2005);*In re Marsh ERISA Litig.*, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006); *In re Xerox Corp. ERISA Litig.*, 483 F.

has been widely praised.  For example, in the *In re WorldCom, Inc. ERISA Litigation*, where Keller Rohrback served as Lead Counsel, Judge Cote found that:

> Lead Counsel has performed an important public service in this action and has done so efficiently and with integrity.  It has cooperated completely and in novel ways with Lead Counsel for the Securities Litigation and in doing so all of them have worked to reduce legal expenses and maximize recovery for class members.  Lead Counsel…has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions….  Lead Counsel should be appropriately rewarded as an incentive for the further protection of employees and their pension plans not only in this litigation but in all ERISA actions.

*In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 WL 2338151 at *10 (S.D.N.Y. Oct. 18, 2004).

To date, Keller Rohrback has achieved settlements for its ERISA clients in excess of $880 million.  For example *Tittle v. Enron Corp.*, No. 01-3913 (S.D. Tex.), which recovered in excess of $220 million, is the largest settlement involving claims arising out of an ERISA plan's holdings of company stock.[9]  *See also In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) (final approval of settlement providing injunctive relief and $78 million

---

Supp. 2d 206 (D. Conn. 2007); *In re Merck & Co., Inc. Securities, Derivative & ERISA Litig.*, 05-CV-2369 (D.N.J. July 11, 2006); *In re Xerox Corp. ERISA Litig.*, 2008 WL 918539 (D. Conn. Mar. 31, 2008); *Alvidres v. Countrywide Financial Corp.*, 2008 WL 803132 (C.D. Cal. Mar. 17, 2008); *Alvidres v. Countrywide Financial Corp.*, 2008 WL 1700312 (C.D. Cal. Apr. 9, 2008); *Alvidres v. Countrywide Financial Corp.*, 2008 WL 1766927 (C.D. Cal. Apr. 16, 2008); *In re Fremont General Corp. Litig.*, 2008 WL 2609258 (C.D. Cal. May 30, 2008). Examples of favorable class certification ERISA company stock opinions include: *Whetman v. IKON*, 191 F.R.D. 457 (E.D. Pa. 2000); *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004); *In re Syncor ERISA Litig.*, 227 F.R.D. 338 (C.D. Cal. 2005); *In re Williams Cos. ERISA Litig.*, 231 F.R.D. 416 (N.D. Okla. 2005); *Tittle v. Enron Corp.*, 2006 WL 1662596 (S.D. Tex. June 7, 2006); and *In re Polaroid ERISA Litig.*, 240 F.R.D. 65 (S.D.N.Y. 2006).  Other favorable ERISA company stock opinions include: *In re WorldCom, Inc. ERISA Litig.*, 339 F. Supp. 2d 561 (S.D.N.Y. 2004) (bar order approved); and *In re Williams Cos. ERISA Litig.*, No. 02-153 (N.D. Okla. Dec. 20, 2004) (ERISA fiduciary exception to attorney-client privilege).

[9] *See In re Enron Corp Sec., Derivative & ERISA Litig.,* No. 01-3624, 2003 U.S. Dist. LEXIS 25032 (S.D. Tex. Nov. 12, 2003) (approving $85 million partial settlement); *Tittle v. Enron Corp.*, No. 01-3913 (S.D. Tex. Sept. 12, 2005) (approving $365.25 million partial settlement with Enron Corp., valued in excess of $100 million); *Tittle v. Enron Corp.*, No. 01-3913 (S.D. Tex. July 24, 2006) (approving $37.5 million settlement with trustee, Northern Trust).

payment for plan losses); *In re WorldCom, Inc. ERISA Litig.*, No. 02-4816, 2004 WL 2338151 (S.D.N.Y. Oct. 18, 2004) (final approval of settlement providing injunctive relief and $48 million payment for plan losses); and *Reinhart v. Lucent Tech., Inc.*, No. 01-3491 (D.N.J. Mar. 15, 2004) (final approval of settlement providing injunctive relief and $69 million payment for plan losses). Additional favorable settlements of similar ERISA class action claims are provided in Keller Rohrback's resume, attached as Exhibit 4 to the Loeser Decl.

Because of Keller Rohrback's extensive expertise in this area of law and the successful results the firm has achieved, Keller Rohrback has many times been appointed lead or co-lead counsel in contested leadership petitions in ERISA class action cases. For example, in *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 363 (E.D. Mich. 2006), the court concluded after extensive leadership briefing that Keller Rohrback and its co-lead counsel in the Ford case "have a high level of ERISA expertise and are willing to commit each firm's resources to this case such that they fairly and adequately represent all parties on their side. Moreover, should the putative class be certified, these firms have the experience and resources to represent adequately the certified class."); *see also, e.g., Miller v. Beazer*, No. 07-00952, 2007 WL 3005332 (N.D. Ga. Oct. 12, 2007) (appointing Keller Rohrback interim co-lead counsel in *Beazer* ERISA breach of fiduciary duty litigation); *In re Delphi ERISA Litig*., 230 F.R.D. 496 (E.D. Mich. 2005) (appointing Keller Rohrback interim lead counsel in *Delphi* ERISA breach of fiduciary duty litigation).

Among Keller Rohrback's team of 59 attorneys are accountants, economists, computer technology experts, former U.S. Justice Department prosecuting attorneys, and attorneys experienced in the area of banking, as well as other areas of law that may arise in this litigation, as documented in the attached resume.

### (i) Lynn L. Sarko

Keller Rohrback's Complex Litigation and ERISA team is led by the firm's Managing Partner, Lynn Lincoln Sarko. Mr. Sarko received both his M.B.A. degree in accounting and law degree from the University of Wisconsin, where he served as Editor-in-Chief of the *Wisconsin Law Review* and was selected by faculty as the outstanding graduate of his class. He is a former Assistant United States Attorney and Ninth Circuit judicial law clerk (Hon. Jerome Farris). He has actively engaged in the prosecution of complex litigation for two decades. Mr. Sarko has served as lead or co-lead counsel in several leading ERISA cases, including the largest and most complex – the *Enron, WorldCom*, and *Global Crossing* cases – and numerous other cases. In these ERISA cases, Mr. Sarko has worked closely with the U.S. Department of Labor ("DOL") on numerous issues, has established relationships with many of the key experts in the field, and has worked extensively with counsel in parallel securities and derivative cases, and developed systems for effectively coordinating the discovery in the parallel cases.

In addition to his work as lead or co-lead counsel in these prominent ERISA cases, Mr. Sarko has prosecuted a variety of class actions involving high profile matters including the Exxon Valdez Oil Spill, the Microsoft civil antitrust case, the Vitamins price-fixing cases, the *MDL Fen/Phen Diet Drug Litigation*, as well as notable public service lawsuits such as *Erickson v. Bartell Drug Co.*, establishing a woman's right to prescription contraceptive health coverage. Aided in part by his M.B.A. in accounting, Mr. Sarko has also litigated numerous complex cases involving financial and accounting fraud, including actions against several of the nation's largest accounting and investment firms.

Mr. Sarko is a recipient of Trial Lawyer of the Year by the Trial Lawyers for Public Justice Foundation and for the last seven years was named "Super Lawyer" among civil litigators by *Washington Law and Politics* magazine in its annual review of the State's legal profession.

- 11 -

Mr. Sarko is a frequent commentator on ERISA litigation. He regularly speaks at national ERISA conferences. Most recently, Mr. Sarko spoke at the DOL Speaks: 2008 Los Angeles Benefits Conference, the 2008 Western Benefits Conference, as well as the Employee Benefits Conference, the American Bar Association's Employee Benefits Committee Meeting and the Glasser Annual ERISA Litigation Conference. Mr. Sarko is considered one of the leading experts on ERISA class action cases.

> **(ii)    Derek W. Loeser**

The Keller Rohrback Complex Litigation and ERISA team that Mr. Sarko leads is also highly accomplished, and includes numerous lawyers whose practices focus primarily on ERISA class action cases. These attorneys include Derek W. Loeser, a partner at Keller Rohrback and a member of the firm's ERISA team. He is one of the chief plaintiffs' counsel in numerous ERISA breach of fiduciary duty cases, including, among others: the *In re Polaroid ERISA Litig.*, 03-8335 (S.D.N.Y.); *In re AIG ERISA Litig.*, No. 04- 8141 (S.D.N.Y.); and *In re Ford ERISA Litig.*, 06- 11718 (E.D. Mich.), and played a lead role in the prosecution of many of the firm's groundbreaking ERISA cases, including: *In re Enron Corp. ERISA Litig.*, No. 01-3913 (S.D. Tex.); *In re HealthSouth Corp. ERISA Litig.*, No. 03-784 (N.D. Ala.); and *In re CMS Energy ERISA Litig.*, No. 02-72834 (E.D. Mich.). Mr. Loeser has extensively researched, briefed and argued the multitude of legal issues arising in ERISA class action cases, including on motions to dismiss, class certification, and summary judgment, and has conducted extensive document, deposition, and expert discovery in these cases. He has played a lead role in successful settlement negotiations in several of the firm's ERISA cases. Mr. Loeser is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a plaintiff attorney, and is a frequent speaker at national ERISA conferences. For

example, Mr. Loeser recently spoke at the West Legalworks 20th Annual ERISA Litigation Conference.

Before joining Keller Rohrback in 2002, he clerked for the Hon. Michael R. Hogan, United States District Court, District of Oregon, and was a trial attorney in the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice in Washington, D.C. Mr. Loeser obtained his B.A. from Middlebury College, where he graduated summa cum laude, with highest departmental honors, and as a member of Phi Beta Kappa. He graduated with honors from the University of Washington School of Law. Mr. Loeser was named in 2007 as a "Super Lawyer" among civil litigators and recognized in 2005 and 2006 as a "Rising Star" by *Washington Law and Politics* magazine in its annual review of the State's legal profession.

### (iii)     David S. Preminger

In addition to Mr. Loeser, Mr. Sarko would be joined on this case by David Preminger, a partner at Keller Rohrback and the head presence in Keller Rohrback's New York office. Mr. Preminger's practice focuses on ERISA class action cases as well as individual benefit claims. Mr. Preminger has been the lead counsel or co-counsel on numerous ERISA class action, breach of fiduciary duty cases with multi-million dollar settlements, and has been litigating ERISA cases on behalf of employees and retirees since the Act's passage in 1974. Mr. Preminger speaks frequently on issues concerning employee benefits litigation[10] and is the co-chair of the Fiduciary Responsibility Subcommittee of the Labor and Employment Section of the American

---

[10] Mr. Preminger has lectured and participated in conferences on ERISA and employee benefits litigation throughout the country under the auspices of various organizations including the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, the Practicing Law Institute, Legalworks and the Pension Rights Center; has lectured on ERISA and employee benefits litigation at New York University School of Law, Saint John's University School of Law and Rutgers University; and has testified before Congress on proposed amendments to ERISA and participated in New York State Attorney General's hearings on protection of pension benefits.

Bar Association and was previously the co-chair of the Subcommittee on ERISA Preemption and the Subcommittee on ERISA Reporting and Disclosure. He has also served on the Employee Benefits Committee of the Association of the Bar of the City of New York and on that Association's Committee on Legal Problems of the Elderly where he was the chair of the Subcommittee on Pension and Welfare Benefit Plans. Mr. Preminger is an editor of Employee Benefits Law (BNA), a widely used treatise on the subject, and has written law review articles on topics concerning ERISA as well.

Mr. Preminger received his B.A. degree in mathematics from Rutgers University in New Brunswick, New Jersey, and his law degree at New York University School of Law where he was a member of the Journal of International Law & Politics. He is admitted to the bar of the State of New York, the United States Supreme Court, the United States Courts of Appeal for the Second, Seventh, Ninth and District of Columbia Circuits, and the United States District Courts for the Southern, Eastern, Western and Northern Districts of New York.

The backgrounds and experience of all the remaining Keller Rohrback complex litigation attorneys are summarized in the firm resume, attached as Exhibit 4 to the Loeser Decl.

### c. Counsel for Plaintiff Wright has the Resources Necessary to Represent the Class.

Keller Rohrback is a well-established and successful law firm that has the resources and personnel necessary to pursue a case of this magnitude as it has demonstrated in numerous similar large-scale class actions. Keller Rohrback includes 59 attorneys. The firm's resources are not merely financial, but also include substantial expertise and work-product, discussed above, that it has developed in other similar cases that will be an obvious benefit to the plaintiffs and the proposed Class in this action. Much of this material is unique to the issues and disputes that are present in ERISA company stock litigation. Counsel's ability to draw from this well

developed bank of information in directing this litigation will allow it to streamline the litigation and create efficiency unavailable to other firms. Thus, the resource factor under Rule 23(g) also favors appointment of Keller Rohrback as Interim Lead Counsel.

Plaintiff Wright respectfully submits that based on the above four factors Keller Rohrback is best able to represent the interests of the Class because the firm possesses unmatched experience and expertise leading the prosecution of this particular type of ERISA class action. Accordingly, Keller Rohrback requests that Plaintiff Wright's motion for the appointment of Keller Rohrback as Interim Lead Counsel be granted.

### d. Plaintiffs Wright, Tuttle and Kelley support the appointment of Keller Rohrback L.L.P. as Interim Lead Counsel

In addition to those factors supporting the appointment of Keller Rohrback as Interim Lead Counsel pursuant to Fed. R. Civ. P. 23(g), Plaintiff Wright's proposed leadership structure is supported by the following plaintiffs and their counsel in the related cases: plaintiff Denise A. Tuttle and her counsel Allegaert Berger & Vogel LLP and Liner Yankelevitz Sunshine & Regenstreif LLP (*Tuttle v. Wachovia Corp., et al.,* No. 08-5578 (NRB)); and plaintiff Jerry Kelley and his counsel Lockridge Grindal Nauen, P.L.L.P. and Zimmerman Reed (*Kelley v. Wachovia Corp., et al.,* No. 08-6623 (NRB)). The supporting firms include experienced ERISA and class action counsel that will contribute to the litigation as Interim Lead Counsel deems necessary. As Interim Lead Counsel, Keller Rohrback will continually ensure that the prosecution of the Consolidated Action is achieved in the most efficient and economic manner.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff Wright respectfully requests that the Court: (a) appoint Todd A. Wright, Denise A. Tuttle and Jerry Kelley as Interim Lead Plaintiffs; (b)

appoint Keller Rohrback L.L.P. as Interim Lead Counsel, with Keller Rohrback's New York office serving as liaison counsel; and (c) enter Plaintiff Wright's proposed Pretrial Order No. 1.

DATED this 26th day of August, 2008

>Respectfully submitted,
>
>**KELLER ROHRBACK L.L.P.**
>
>s/ Derek W. Loeser
>Lynn Lincoln Sarko (LS-3700)
>lsarko@kellerrohrback.com
>Derek W. Loeser (DL-6712)
>dloeser@kellerrohrback.com
>Erin M. Riley (ER-7673)
>eriley@kellerrohrback.com
>1201 Third Avenue, Suite 3200
>Seattle, WA 98101-3052
>Telephone: (206) 623-1900
>Facsimile: (206) 623-3384
>*Counsel for Plaintiff Todd A. Wright and Proposed Interim Lead Counsel*
>
>David S. Preminger (DP-1057)
>**KELLER ROHRBACK L.L.P.**
>dpreminger@kellerrohrback.com
>275 Madison Avenue, Suite 1425
>New York, New York 10016
>Telephone: (212) 878-8890
>Facsimile: (212) 878-8895
>
>**HOLZER HOLZER & FISTEL, LLC**
>Michael I. Fistel, Jr.
>Corey D. Holzer
>Marshall P. Dees
>1117 Perimeter Center West
>Suite E-107
>Atlanta, GA 30338
>Telephone: (770) 392-0090
>Facsimile: (770) 392-0029
>
>*Additional Counsel for Plaintiff Todd A. Wright*

**DYER & BERENS, LLP**
Jeffrey A. Berens
682 Grant Street
Denver, CO  80203
Telephone:  (303) 861-1764
Facsimile:  (303) 395-0393

*Additional Counsel for Plaintiff Todd A. Wright*